1   Mark L. Block (State Bar No. 115457)
    mblock@chrisglase.com
2   CHRISTENSEN, GLASER, FINK, JACOBS,
       WEIL & SHAPIRO, LLP
3   10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
4   (310)553-3000   Facsimile: (310)556-2920

5   Attorneys for Plaintiffs F.B.T. Productions, LLC
    and Em2M, LLC
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  F.B.T. PRODUCTIONS, LLC, and          CASE NO.  CV 07-03314 PSG (MANx)
    Em2M, LLC,
13
                    Plaintiffs,
14                                         **CORRECTED** [PROPOSED]
        vs.                                **PROTECTIVE ORDER**
15                                         **CONCERNING CONFIDENTIAL**
    AFTERMATH RECORDS doing                **INFORMATION**
16  business as AFTERMATH
    ENTERTAINMENT; INTERSCOPE              ***NOTE: CHANGES MADE BY***
17  RECORDS; UMG RECORDINGS,                     ***THE COURT TO ¶9***
    INC.; and ARY, INC.,
18
                    Defendants.
19

20

21          The Court, having read the Stipulation of the Parties, and good cause

22  appearing therefore, hereby issues the following protective order ("Order"):

23          1.      In connection with discovery proceedings in this action, any party to

24  this action or any third party providing discovery material in this action (hereinafter

25  "Producing Party") may designate any document, thing, material, testimony or

26  other information derived therefrom, as "Confidential" under the terms of this

27  Protective Order (hereinafter "Order").  Confidential information is information

28  which has not been made public and which concerns or relates to the proprietary

information used by the parties in, or pertaining to, their business, which is not generally known and which the parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.

2.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party.  A Producing Party's designation of information as "Confidential" pursuant to this Order shall constitute a representation that the party has reviewed the information and has a good faith basis for its designation.

3.     A Producing Party may designate testimony taken at a deposition as "Confidential" by making a statement to that effect on the record at the deposition. A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, shall label such portions to clearly identify the designation provided.

4.     Material designated as Confidential pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.  If the United States District Court for the Eastern District of Michigan, in the case captioned *Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.*, Case No. 2:07-cv-13164 (E.D. Mich.) (the "*Eight Mile* Action"), enters an order that (a) provides the same or greater level of protection for Confidential Material that this Order provides to Confidential Material, and (b) extends the protection of that Court's order to Confidential Material produced in this action, then Confidential Material produced

4583329.1

4609578.1

1   by a party to this action may be used in the *Eight Mile* Action, but only for the

2   purpose of the prosecution, defense, or settlement of the same.

3       5.    Confidential Material may be disclosed or made available only to the

4   Court, to counsel for a party (including in-house counsel, and any paralegal,

5   clerical, or secretarial staff employed by outside or in-house counsel), and to the

6   "qualified persons" designated below:

7       (a)    a party, or an officer, director, or employee of a party deemed

8   necessary by counsel to aid in the prosecution, defense, or settlement of this action;

9       (b)    experts or consultants (together with their clerical staff) retained by

10  such counsel to assist in the prosecution, defense, or settlement of this action;

11      (c)    court reporter(s) employed in this action;

12      (d)    a witness at any deposition or other proceeding in this action, provided

13  that it appears from the face of the Confidential Material that such witness had

14  access to the same independent of this action (the fact that Confidential Material

15  may be disclosed in a deposition or other proceeding to a court reporter or witness

16  does not permit the disclosure of such Confidential Material during the same

17  deposition or other proceeding to other persons not otherwise included in the list of

18  qualified persons); and

19      (e)    any other person as to whom the parties in writing agree.

20  Prior to receiving any Confidential Material, each "qualified person" (other than an

21  independent court reporter retained to transcribe or videotape depositions) shall be

22  provided with a copy of this Order and shall execute an agreement to be bound in

23  the form of Attachment A.  It shall be the duty of counsel of record in this case to

24  maintain the signed copies of any such agreements to be bound

25      6.    Only qualified persons permitted to review Confidential Material may

26  attend depositions at which Confidential Material is used or discussed.

27      7.    The parties may further designate certain discovery material or

28  testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL -

- 2 -

4609578.1

[PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION CV 07-03314 PSG
(MANx)

1  ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in

2  the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material,

3  and the information contained therein, shall be disclosed only to the Court, to

4  outside counsel for a party (including any paralegal, clerical, or secretarial staff

5  employed by that counsel), to the "qualified persons" listed in subparagraphs 5(b)

6  through (e) above, and to the following in-house counsel:  Harvey Geller, Senior

7  Vice President, Business and Legal Affairs, UMG Recordings Inc.  Attorney's Eyes

8  Only Material shall not be disclosed to any other person or entity (including

9  without limitation a party, or an officer, director or employee of a party), unless

10  expressly permitted in a signed writing executed by the Producing Party.  Except as

11  specifically amended in this Paragraph 7, all other provisions in this Order

12  regarding Confidential Material shall apply to material designated as Attorney's

13  Eyes Only Material.

14  8.  Nothing herein shall impose any restrictions on the use or disclosure

15  by a party of material obtained by such party independent of discovery in this

16  action, whether or not such material is also obtained through discovery in this

17  action, or from disclosing its own Confidential Material as it deems appropriate.

18  9.  If Confidential Material, including any portion of a deposition

19  transcript designated as Confidential or Attorney's Eyes Only Material, is included

20  in any papers to be filed with the Court, such papers shall be accompanied by an

21  application to (a) file the Confidential portions thereof under seal (if such portions

22  are segregable), or (b) file the papers in their entirety under seal (if the Confidential

23  portions are not segregable).  The application shall be directed to the Judge or

24  Magistrate Judge to whom the papers are directed.  Pending the ruling on the

25  application, the papers or portions thereof subject to the sealing application shall be

26  lodged under seal and ~~Any papers filed under seal that contain Confidential or~~

27  ~~Attorney's Eyes Only Material~~ may be disclosed only to those persons qualified to

28  have access to such material under the provisions of Paragraphs 5 and 7 hereof.

- 3 -

4583329.1    4609578.1    [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION CV 07-03314 PSG (MANx)

10.     A Producing Party that inadvertently fails to designate discovery material as Confidential or Attorney's Eyes Only Material at the time of its production shall be entitled to make a correction to its designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated.  Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

11.     A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information.  Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within 10 calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court.

12.     This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

4583329.1

4609578.1

[PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION CV 07-03314 PSG
(MANx)

13.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any party or the absence thereof.

14.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential material is not or does not become known to the public.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder, and all parties consent to the jurisdiction of this Court over them to resolve any such dispute. Within sixty (60) days of the final resolution of this action, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

15.     Plaintiffs have agreed to Defendants' proposed Protective Order in order to facilitate the production of documents but specifically reserve their rights to seek an Order modifying any or all of the following: a) the definition of "Confidential" information contained in Paragraph 1; b) to add Mark Levinsohn to the list of qualified persons in Paragraph 7 to whom Attorney's Eyes Only Material may be disclosed; and c) Paragraphs 5(d) and 6, insofar as those provisions do not permit principals of Plaintiffs to be present at those portions of depositions wherein there is a disclosure, questioning or testimony regarding Confidential or Attorney's Eyes Only Material that may not be disclosed to those principals under Paragraph 5 or Paragraph 7.  Defendants reserve their rights to oppose any such request by Plaintiffs to modify the terms of this Order.  Unless and until such time as the Court

[PROPOSED] PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION CV 07-03314 PSG
(MANx)

1   enters a revised Order granting Plaintiffs such relief as is contemplated in this

2   paragraph, Plaintiffs consent to abide by the Protective Order in its current form.

3

4

5   DATED: _March 31, 2008_

6                                        _____/s/_____
                                         MARGARET A. NAGLE
7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4583329.1            4609578.1            [PROPOSED] PROTECTIVE ORDER CONCERNING
                                          CONFIDENTIAL INFORMATION CV 07-03314 PSG
                                          (MANx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>              Plaintiffs,<br><br>    vs.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>              Defendants. | CASE NO.  CV 07-03314 PSG (MANx)<br><br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

I have read the Protective Order ("Order") entered in the above-captioned action.  I understand the Order's terms, and agree to be fully bound by those terms. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of the enforcement of this Agreement.  I understand, in particular, that any Confidential or Attorneys' Eyes Only Material (as defined in the Order), may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

Dated: _____          Agreed: _____

                                              (Signature)

                              Name: _____

                              Address: _____

4583329.1              4609578.1          [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION CV 07-03314 PSG (MANx)