GLENN D. POMERANTZ (State Bar No. 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (State Bar No. 235670)
Melinda.Lemoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>Defendants. | CASE NO.  CV 07-03314 PSG (MANx)<br><br>[~~PROPOSED~~] MODIFIED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

The Court, having read the Stipulation of the Parties, and good cause appearing therefore, hereby issues the following protective order ("Order"):

1.    In connection with discovery proceedings in this action, any party to this action or any third party providing discovery material in this action (hereinafter "Producing Party") may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order").  Confidential information is information

which has not been made public and which concerns or relates to the proprietary information used by the parties in, or pertaining to, their business, which is not generally known and which the parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. A Producing Party's designation of information as "Confidential" pursuant to this Order shall constitute a representation that the party has reviewed the information and has a good faith basis for its designation.

3. A Producing Party may designate testimony taken at a deposition as "Confidential" by making a statement to that effect on the record at the deposition. A court reporter taking and/or transcribing such deposition shall separately bind such portions of the transcript designated hereunder, shall label such portions to clearly identify the designation provided.

4. Material designated as Confidential pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. If the United States District Court for the Eastern District of Michigan, in the case captioned *Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.*, Case No. 2:07-cv-13164 (E.D. Mich.) (the "*Eight Mile* Action"), enters an order that (a) provides the same or greater level of protection for Confidential Material that this Order provides to Confidential Material, and (b) extends the protection of that Court's order to

Confidential Material produced in this action, then Confidential Material produced by a party to this action may be used in the *Eight Mile* Action, but only for the purpose of the prosecution, defense, or settlement of the same.

5. Confidential Material may be disclosed or made available only to the Court, to counsel for a party (including in-house counsel, and any paralegal, clerical, or secretarial staff employed by outside or in-house counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) At least five (5) calendar days prior to any disclosure of "Confidential" or "Confidential – Attorney's Eyes Only" materials to any individual described in this Paragraph 5(b), the Receiving Party shall serve a notice on the Producing Party (i) identifying said expert or consultant by name and (ii) including the individual's curriculum vitae. If a Receiving Party has disclosed "Confidential" or "Confidential – Attorney's Eyes Only" materials to any such individual at any time prior to the Order modifying this Paragraph 5(b), the Receiving Party shall within five (5) calendar days of the date of such Order serve on the Producing Party the aforementioned notice. If the Receiving Party plans to disclose or has disclosed "Confidential" or "Confidential – Attorney's Eyes Only" materials to an expert or consultant who (A) is employed full time as a faculty member by a university or professional school and (B) has not previously provided (and who in the future is not reasonably likely to provide) professional advice related to the subject of such "Confidential" or "Confidential – Attorney's Eyes Only" materials, other than as an expert or consultant advising on litigation (hereinafter an "Academic Expert"), the Receiving Party's notice as to such individual need not identify the Academic Expert by name or include her or his curriculum vitae, <u>provided</u> that the notice discloses that such materials have been provided to an Academic Expert and contains the certification of the Receiving Party's counsel that the Academic Expert

1  satisfies the definition of the same set forth in this Paragraph 5(b).  Within five (5)
2  calendar days of receiving any notice under this Paragraph 5(b), the Producing
3  Party may serve on the Receiving Party a written objection to the proposed or
4  actual disclosure of "Confidential" or "Confidential – Attorney's Eyes Only"
5  materials.  The parties shall promptly meet and confer concerning the objection.  If
6  the Parties cannot resolve the objection, and the Producing Party still wishes to
7  challenge the disclosure, then the Producing Party must, within five (5) calendar
8  days of the meet-and-confer, notify the Court of the objection and request expedited
9  briefing and determination of the objection, including a proposed Order with the
10 form of relief requested by the Producing Party.  Until such time as any objection is
11 resolved, either through the meet and confer or by the Court, the Receiving Party
12 may not disclose any "Confidential" or "Confidential – Attorney's Eyes Only"
13 materials to the expert or consultant.  If the objection concerns a Receiving Party's
14 prior disclosure of such materials to the expert or consultant, the Receiving Party
15 shall retrieve all copies of such materials from the expert or consultant pending the
16 Court's resolution of the dispute, and shall inform such expert or consultant that her
17 or his access to and use of any such materials is the subject of court proceedings.
18         (c)    court reporter(s) employed in this action;
19         (d)    a witness at any deposition or other proceeding in this action, provided
20 that it appears from the face of the Confidential Material that such witness had
21 access to the same independent of this action (the fact that Confidential Material
22 may be disclosed in a deposition or other proceeding to a court reporter or witness
23 does not permit the disclosure of such Confidential Material during the same
24 deposition or other proceeding to other persons not otherwise included in the list of
25 qualified persons); and
26         (e)    any other person as to whom the parties in writing agree.
27 Prior to receiving any Confidential Material, each "qualified person" (other than an
28 independent court reporter retained to transcribe or videotape depositions) shall be

provided with a copy of this Order and shall execute an agreement to be bound in the form of Attachment A. It shall be the duty of counsel of record in this case to maintain the signed copies of any such agreements to be bound.

6. Only qualified persons permitted to review Confidential Material may attend depositions at which Confidential Material is used or discussed.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for a party (including any paralegal, clerical, or secretarial staff employed by that counsel), to the "qualified persons" listed in subparagraphs 5(b) through (e) above, and to the following in-house counsel: Harvey Geller, Senior Vice President, Business and Legal Affairs, UMG Recordings Inc. Attorney's Eyes Only Material shall not be disclosed to any other person or entity (including without limitation a party, or an officer, director or employee of a party), unless expressly permitted in a signed writing executed by the Producing Party. Except as specifically amended in this Paragraph 7, all other provisions in this Order regarding Confidential Material shall apply to material designated as Attorney's Eyes Only Material.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the Confidential portions thereof under seal (if such portions

are segregable), or (b) file the papers in their entirety under seal (if the Confidential portions are not segregable). The application shall be directed to the Judge or Magistrate Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal and may be disclosed only to those persons qualified to have access to such material under the provisions of Paragraphs 5 and 7 hereof.

10. A Producing Party that inadvertently fails to designate discovery material as Confidential or Attorney's Eyes Only Material at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

11. A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within 10 calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court.

12. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document

or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential material is not or does not become known to the public.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder, and all parties consent to the jurisdiction of this Court over them to resolve any such dispute. Within sixty (60) days of the final resolution of this action, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

15. Plaintiffs have agreed to Defendants' proposed Protective Order in order to facilitate the production of documents but specifically reserve their rights to seek an Order modifying any or all of the following: a) the definition of "Confidential" information contained in Paragraph 1; b) to add Mark Levinsohn to the list of qualified persons in Paragraph 7 to whom Attorney's Eyes Only Material may be disclosed; and c) Paragraphs 5(d) and 6, insofar as those provisions do not

1  permit principals of Plaintiffs to be present at those portions of depositions wherein
2  there is a disclosure, questioning or testimony regarding Confidential or Attorney's
3  Eyes Only Material that may not be disclosed to those principals under Paragraph 5
4  or Paragraph 7. Defendants reserve their rights to oppose any such request by
5  Plaintiffs to modify the terms of this Order. Unless and until such time as the Court
6  enters a revised Order granting Plaintiffs such relief as is contemplated in this
7  paragraph, Plaintiffs consent to abide by the Protective Order in its current form.

DATED: _ September 17, 2008

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>　　　　　Defendants. | CASE NO.  CV 07-03314 PSG (MANx)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

　　　　I have read the Protective Order ("Order") entered in the above-captioned action.  I understand the Order's terms, and agree to be fully bound by those terms.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of the enforcement of this Agreement.  I understand, in particular, that any Confidential or Attorneys' Eyes Only Material (as defined in the Order), may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose.

Dated: _____　　　　　　Agreed: _____
　　　　　　　　　　　　　　　　　　　　　　(Signature)

　　　　　　　　　　　　　　　　　Name: _____

　　　　　　　　　　　　　　　　　Address: _____