Richard S. Busch (TN Bar No. 014594) (*pro hac vice*)
rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Facsimile: (615) 726-5417

Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
(858) 597-6000 Facsimile: (838) 597-6008

Mark L. Block (State Bar No. 115457)
mblock@chrisglase.com
GLASER, WEIL, FINK, JACOBS, & SHAPIRO, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000 Facsimile: (310) 556-2920
Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>**AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT, et al.,**<br><br>**Defendants.** | **Case No. CV 07-03314 PSG (MANx)**<br><br>**MEMORANDUM AND POINTS AND AUTHORITES IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TWO TO EXCLUDE FROM TRIAL EVIDENCE OF ROYALTY RATES FOR OTHER ARTISTS**<br><br>**DATE:** February 3, 2009<br>**TIME:** 9:00 a.m.<br>**DEPT:** Roybal, Courtroom 790, Honorable Philip Guiterrez |

## I. INTRODUCTION

Plaintiffs F.B.T. Productions, LLC ("F.B.T.") and Em2M, LLC ("Em2M") (collectively, "plaintiffs") respectfully submit this memorandum of law in support of their Motion *In Limine* to exclude from trial evidence that supposedly no other artist receives 50% of net receipts from defendants or any other record label. The fact that defendants may not pay other artists 50% of net receipts under licensing provisions for permanent downloads is irrelevant to this action, and whether any other artists receive 50% of net receipts from other record labels is pure speculation and irrelevant. Other artists may in the future, and are even today, pursuing litigation similar to this action, while others may not have the wherewithal to protect their rights, or may have recording agreements dissimilar to those involved herein. Still others may in fact be receiving 50% of receipts. Accordingly, such so-called evidence would have no foundation, be irrelevant, and also be inadmissible under Rule 403 of the Federal Rules of Evidence.

## II. STATEMENT OF FACTS

In 1995, plaintiff F.B.T. signed the budding rapper Marshall B. Mathers, III p/k/a Eminem ("Eminem"). (Doc. No. 100 ¶ 21.) In 1998,[1] F.B.T. entered into an agreement (the "1998 Agreement") furnishing the services of Eminem to Aftermath Records ("Aftermath"). (Second Amended Complaint for Breach of Contract; Declaratory Judgment, Doc. No. 100, ¶ 22.) Aftermath is a joint venture made up of 1) Interscope Records, a California general partnership; 2) Interscope Records, an unincorporated division of UMG Recordings, Inc. (the latter hereinafter "UMG"); and 3) ARY, Inc. (collectively, "defendants"). (*Id.* at ¶ 14.) Under that 1998 Agreement, one royalty rate applied to "sales of records through normal retail channels in the United States" (the "USNRC" provision), while whenever defendants "licensed" one

---

[1] A successor agreement was entered into in 2003. (Second Amended Complaint for Breach of Contract; Declaratory Judgment, Doc. No. 100, ¶ 25.)

or more of the Eminem masters to a third party, they were required to pay plaintiffs 50% of their net receipts (the "Master License" provision).

UMG has entered into licensing agreements with various third parties granting those entities the rights to reproduce and distribute UMG music to consumers over the internet. (Plaintiffs' Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of their Motion for Summary Judgment, Doc. No. 176, ¶ 86.) Plaintiffs contend that because these agreements with third parties constitute licenses of the Eminem masters, plaintiffs should be accounted to under the Master License provision. This litigation was initiated, therefore, to compel the Defendants to pay the Plaintiffs the proper royalty amount due under the licensing provision as provided in the agreements and contracts between the parties.

## III.     ARGUMENT

Defendants may seek to introduce evidence that it does not pay any of its artists 50% of net receipts for permanent downloads, and further that it is unaware of any artist receiving 50% of net receipts from other record labels. The clear connotation of this argument is that plaintiffs are not, therefore, entitled to have the agreements honored, and not entitled to 50% of net receipts. This so called evidence and testimony is inadmissible for multiple reasons. First, defendants do not have personal knowledge of all recording agreements or arrangements between artists and other record labels, so any such testimony would be without foundation, speculative, and irrelevant under Rule 402, 403, and 602 of the Federal Rules of Evidence. Furthermore, that defendants unilaterally decided to pay artists a certain way for permanent downloads and mastertones is not relevant to whether the agreements with those other artists are, indeed, being honored, or whether those artists would have the right to bring a lawsuit like this action to claim breach of contract, or whether have defendants have made surreptitious arrangements for side-compensation in order to avoid having to admit they are paying other artists the equivalent of a 50% royalty rate after receiving similar demands from other artists' agents. The admission of such

evidence would, therefore, require the examination of each of defendants' recording agreements to determine whether defendants were breaching those agreements like plaintiffs allege defendants are doing herein, or whether have defendants are functionally paying a 50% while avoiding such language.

Under the Federal Rules of Evidence, only evidence which has a tendency to make the existence of any fact of consequence in the litigation is admissible, and even relevant evidence is inadmissible where an exception applies. FED. R. EVID. 401, 402. Implicit in the definition of facts of consequences are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Dean,* 980 F.2d 1286, 1288 (9th Cir. 1992) (citing *United States v. Hall,* 653 F.2d 1002, 1005 (5th Cir. 1981)). "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law" under which the defendant has been charged. *Hall,* 653 F.2d at 1005. Moreover, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury." FED. R. EVID. 403.

The evidence expected to be proffered by defendants is inadmissible under each of these Rules of Evidence, as well as Fed. R. Evid. 602, for all of the reasons discussed above.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant its Motion *In Limine* as requested above.

1  DATED: December 19, 2008            Respectfully submitted,

2

3                                      KING & BALLOW

4                                      /s/ Richard S. Busch
                                       Richard S. Busch (TN Bar No. 014594)
5                                      rbusch@kingballow.com
                                       Paul H. Duvall (State Bar No. 73699)
6                                      pduvall@kingballow.com
                                       KING & BALLOW
7                                      9404 Genesee Avenue, Suite 340
                                       La Jolla, CA 92037-1355
8                                      Telephone: (858) 597-6000
9                                      Facsimile: (838) 597-6008

10

11                                     - and -

12
                                       Mark L. Block (State Bar No. 115457)
13                                     mblock@glaserweil.com

14                                     Glaser, Weil, Fink, Jacobs & Shapiro, LLP

15                                     10250 Constellation Blvd. 19th Floor
                                       Los Angeles, CA 90067
16                                     Telephone: (310) 282-6240
17                                     Facsimile: (310) 556-2920

18                                     Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28