Richard S. Busch (TN Bar No. 014594) (*pro hac vice*)
rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Facsimile: (615) 726-5417

Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
(858) 597-6000 Facsimile: (838) 597-6008

Mark L. Block (State Bar No. 115457)
mblock@chrisglase.com
GLASER, WEIL, FINK, JACOBS, & SHAPIRO, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000 Facsimile: (310) 556-2920
Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT, et al., <br><br> Defendants. | Case No. CV 07-03314 PSG (MANx) <br><br> **MEMORANDUM AND POINTS AND AUTHORITES IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE THREE TO EXCLUDE CERTAIN DOCUMENTS PRODUCED BY PLAINTIFFS** <br><br> DATE: February 3, 2009 <br> TIME: 9:00 a.m. <br> DEPT: Roybal, Courtroom 790, Honorable Philip Guiterrez |

## I. INTRODUCTION

Plaintiffs F.B.T. Productions, LLC ("F.B.T.") and Em2M, LLC ("Em2M") (collectively, "plaintiffs") respectfully submit this memorandum of law in support of their Motion *In Limine* Two To Exclude From Trial Evidence of Certain Documents Produced by Plaintiffs. The three documents at issue here are contractual agreements involving F.B.T.-related companies and/or their predecessor's-in-interest. Those agreements, however, are not relevant to the contracts between Plaintiffs and Defendants in this matter. As a result, such evidence or any related testimony should be excluded.

## II. STATEMENT OF FACTS

In 2001, the recording company Land of Fun, Inc. signed an exclusive artist agreement with Waverly Walter Alford II. (Declaration of Richard S. Busch in Support of Motion *in Limine* Number Three, ¶ 2.) In 2003, Land of Fun's interests in that recording agreement were transferred to Martin Affiliated, LLC and FBT-Martin Affiliated, LLC, and those companies entered into an agreement with Waverly Walter Alford II regarding Internet promotion. (*Id.* at ¶ 3.) Around the same time, in an unrelated transaction, FBT-Martin Affiliated, LLC signed a master purchase agreement with Master Beat, Inc. for ten master recordings from the group The Romantics. (*Id.* at ¶ 4.) Those three documents are bates numbers FBT – 00664 – FBT – 00697. (*Id.* at ¶¶ 2-4.) Because the standard for discoverability is more lenient than the standard for admissibility, those three documents were produced in this litigation subject to numerous objections. (*Id.* at ¶ 6.)

This case does not concern Waverly Alford II, the Romantics, Land of Fun, or FBT-Martin Affiliated LLC. Rather, this case concerns a number of agreements among plaintiffs, defendants and Marshall B. Mathers, III ("Eminem"). Since approximately 2001, UMG has entered into licensing agreements with various third parties granting those third-party entities the rights to reproduce and distribute UMG music to consumers over the internet. (Plaintiffs' Separate Statement of Uncontroverted Facts

and Conclusions of Law in Support of Their Motion for Summary Judgment, Doc. No. 176, ¶ 86.) Plaintiffs contend that because these agreements with third parties constitute licenses of the Eminem masters, plaintiffs should be accounted to under the provisions applicable to master licenses in the agreements at issue in this case. This litigation does not involve any of the aforementioned agreements with parties not involved in this action, and the terms of any such agreements should be excluded under Rules 401 and 403 of the Federal Rules of Evidence.

### III.  ARGUMENT

Defendants may seek to introduce evidence or testimony regarding either of the two Land of Fun agreements or regarding the Master Beat, Inc. agreement. None of these agreements have any relevance to the dispute regarding the application of the written contract provision at issue here, and any evidence regarding these agreements, including the agreements themselves, should be excluded.

Under the Federal Rules of Evidence, only evidence which has a tendency to make the existence of any fact of consequence in the litigation is admissible, and even relevant evidence is inadmissible where an exception applies. FED. R. EVID. 401, 402. Implicit in the definition of facts of consequences are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Dean,* 980 F.2d 1286, 1288 (9th Cir. 1992) (citing *United States v. Hall,* 653 F.2d 1002, 1005 (5th Cir. 1981)). "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law" under which the defendant has been charged. *Hall,* 653 F.2d at 1005. Moreover, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury." FED. R. EVID. 403.

At issue here are two written royalty provisions. In interpreting these contract provisions, California courts look to "the objective intent, as evidenced by the words

1  of the contract." *Lloyd's Underwriters v. Craig & Rush, Inc.*, 26 Cal. App. 4th 1194,
2  1197-1198; 32 Cal. Rptr. 2d 144 (1994). This intention is to be discerned, if possible,
3  "solely from the written provisions of the contract." *Santisas v. Goodin*, 17 Cal.4th
4  599, 608, 71 Cal.Rprtold 830 (1998). If the written provisions prove inscrutable, the
5  finder of fact may turn to extrinsic evidence, but still to inform the parties' intent. *City
6  of Hope National Medical Center v. Genetech, Inc.,* 43 Cal.4th 375, 395, 75
7  Cal.Rptr.3d 333 (2008).

8        The agreements reached between other artists and other production companies
9  are absolutely not relevant to the contracts between the plaintiffs and the defendants in
10 this matter. The evidence at issue in this motion, the two Land of Fun agreements and
11 the Master Beat, Inc. agreement, were agreements between entirely different parties.
12 These agreements cannot help reveal the intention of the parties to this litigation in
13 negotiating the agreements which are at issue, and any evidence or testimony
14 regarding those other contracts should be excluded.

## IV. CONCLUSION

16       For the reasons stated above, plaintiffs respectfully request that the Court grant
17 its Motion *In Limine* as requested above.

| | | |
|---|---|---|
| 1 | DATED: December 19, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | KING & BALLOW |
| 4 | | /s/ Richard S. Busch |
| | | Richard S. Busch (TN Bar No. 014594) |
| 5 | | rbusch@kingballow.com |
| | | Paul H. Duvall (State Bar No. 73699) |
| 6 | | pduvall@kingballow.com |
| 7 | | KING & BALLOW |
| | | 9404 Genesee Avenue, Suite 340 |
| 8 | | La Jolla, CA 92037-1355 |
| 9 | | Telephone: (858) 597-6000 |
| | | Facsimile: (838) 597-6008 |
| 10 | | |
| 11 | | - and - |
| 12 | | |
| | | Mark L. Block (State Bar No. 115457) |
| 13 | | mblock@glaserweil.com |
| 14 | | Glaser, Weil, Fink, Jacobs & Shapiro, LLP |
| 15 | | 10250 Constellation Blvd. 19th Floor |
| | | Los Angeles, CA 90067 |
| 16 | | Telephone: (310) 282-6240 |
| 17 | | Facsimile: (310) 556-2920 |
| 18 | | Attorneys for Plaintiffs |