Richard S. Busch (TN Bar No. 014594)
*Pro Hac Vice Pending*
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Facsimile: (615) 726-5417

Paul H. Duvall (State Bar No. 73699)
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
(858) 597-6000 Facsimile: (838) 597-6008

Mark L. Block (State Bar No. 115457)
Christensen, Glaser, Fink, Jacobs, Weil, & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000 Facsimile: (310) 556-2920

Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>Plaintiffs,<br>v.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>Defendants. | Case No. CV 07-03314 PSG (MANx)<br><br>**PLAINTIFFS' MOTION IN LIMINE NUMBER FOUR TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT RELATING TO LUCK OR GOOD FORTUNE**<br><br>DATE: February 3, 2009<br>TIME: 9:00 a.m.<br>DEPT: Roybal, Courtroom 790, Honorable Philip Guiterrez |

## I.   Introduction

Plaintiffs F.B.T. Productions, LLC, and Em2M, LLC (collectively "plaintiffs"), through undersigned counsel, hereby move *in limine* to exclude any attempt to characterize plaintiffs' relationship with Marshall B. Mathers, p/k/a Eminem ("Eminem") as "lucky" and any statements or implications that plaintiffs' earnings under their agreements with Eminem and Aftermath represent a windfall or are otherwise undeserved.

## II.   Background

The Defendants' Memorandum of Points and Authorities in Support of their Motion for Partial Summary Judgment states: "The Plaintiffs - three people who formed two LLCs and own a recording studio where they produce records - had the good luck to meet Marshall B. Mathers, p/k/a Eminem, when he was unknown." (Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment, Docket No. 170-2, p. 6.) Statements or implications that plaintiffs were "lucky" to meet Eminem, or otherwise undeserving of having their agreements honored, are irrelevant to the issues the jury must decide.

Only relevant evidence may be admitted at trial. FED. R. EVID. 402. To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Implicit in the definition of facts of consequences are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action. *United States v. Dean,* 980 F.2d 1286, 1288 (9th Cir. 1992) (citing *United States v. Hall,* 653 F.2d 1002, 1005 (5th Cir. 1981)). "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law" under which the defendant has been charged. *Hall,* 653 F.2d at

1005.

### III. Argument

None of the claims in the instant case depend on whether plaintiffs were "lucky" to have met Eminem when he was unknown, or whether, as defendants seem to claim, plaintiffs have enjoyed some sort of windfall as a result. These arguments, clearly meant to imply that plaintiffs are not entitled to have their contracts honored, or that they have reaped all that they are entitled to, or that the defendants are somehow more deserving of the monies earned through exploitation of the Eminem masters despite the language of the agreements, will not make any fact of consequence in this trial more or less probable. Indeed, Eminem will also benefit from the successful prosecution of this action, so defendants' points not only are irrelevant, they are wrong.

In any event, defendants' points in this regard are irrelevant under Rules 401 and 402 of the Federal Rules of Evidence, and inadmissible under Rule 403 of the Federal Rules of Evidence as well.

### IV. Conclusion

For the reasons stated above, plaintiffs respectfully request that the Court grant its Motion *In Limine* as requested above.

| | | |
|---|---|---|
| 1 | DATED: December 19, 2008 | Respectfully submitted, |

KING & BALLOW
/s/ Richard S. Busch
Richard S. Busch (TN Bar No. 014594)
rbusch@kingballow.com
Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
Telephone: (858) 597-6000
Facsimile: (838) 597-6008

- and -

Mark L. Block (State Bar No. 115457)
mblock@glaserweil.com
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
Telephone: (310) 282-6240
Facsimile: (310) 556-2920

Attorneys for Plaintiffs