Richard S. Busch (TN Bar No. 014594) (*pro hac vice*)
rbusch@kingballow.com
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
(615) 259-3456 Facsimile: (615) 726-5417

Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
(858) 597-6000 Facsimile: (838) 597-6008

Mark L. Block (State Bar No. 115457)
mblock@chrisglase.com
GLASER, WEIL, FINK, JACOBS, & SHAPIRO, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000 Facsimile: (310) 556-2920
Attorneys for Plaintiffs F.B.T. Productions, LLC and Em2M, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| F.B.T. PRODUCTIONS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT, et al.,<br><br>Defendants. | Case No. CV 07-03314 PSG (MANx)<br><br>**MEMORANDUM AND POINTS AND AUTHORITES IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE FIVE TO EXCLUDE TESTIMONY FROM CHARLES CIONGOLI AND STEVE BERMAN**<br><br>DATE: February 3, 2009<br>TIME: 9:00 a.m.<br>DEPT: Roybal, Courtroom 790, Honorable Philip Guiterrez |

## I. INTRODUCTION

Plaintiffs F.B.T. Productions, LLC ("F.B.T.") and Em2M, LLC ("Em2M") (collectively, "plaintiffs") respectfully submit this memorandum of law in support of their Motion *In Limine* Five To Exclude Testimony from Charles Ciongoli and Steve Berman pursuant to Federal Rule of Civil Procedure 37(c)(1). These two purported witnesses were never disclosed by the defendants until Friday, December 19, 2008, well after the close of discovery in this matter, and so their testimony should not be permitted.

## II. STATEMENT OF FACTS

On January 16, 2008, the defendants served their initial disclosures, identifying only Peter T. Paterno, Rand Hoffman, Marshall B. Mathers, III, p/k/a "Eminem," and David Weinberg as individuals likely to have discoverable information that defendants may use to support their claims. (Declaration of Richard S. Busch in Support of Motion *in Limine* Number 5, ¶ 2.) In their Supplemental Responses to Plaintiffs' First Set of Interrogatories, served on or about April 1, 2008, the plaintiffs additionally identified as potential witnesses Peter Paterno, Marnie Nieves, Scott Aronson, Lisa Rogell, Paul Rosenberg, Joel Martin, Steve Plinio, Rand Hoffman, and Gary Stiffelman. (*Id.* at ¶ 3.) As this case has progressed, counsel for the parties have corresponded regarding potential witnesses, and the counsel have repeatedly agreed to share the names of any witnesses that might be called at trial. (*Id.* at ¶ 4.) In that manner, the defendants disclosed to the plaintiffs that they intended to call Michael Ostroff as a witness at the trial in this matter, and so the plaintiffs were able to depose Ostroff during discovery in order to adequately prepare for trial. (*Id.* at ¶ 5.)

On December 19, 2008, the defendants provided the plaintiffs with a list of intended witnesses for the joint witness list. (*Id.* at ¶ 6.) The defendants' witness list included two witnesses who had never been previously disclosed, Steve Berman and Charles Ciongoli. (*Id.* at ¶ 7.) The defendants never disclosed Berman or Ciongoli in discovery, whether in their initial disclosures, their several responses to

interrogatories, or in any informal conversation or email to the plaintiffs' counsel. (*Id.* at ¶ 8.) Furthermore, neither Berman nor Ciongoli was ever mentioned in any deposition as an individual with knowledge relevant to this case. (*Id.*) Although the defendants had previously submitted a Declaration on behalf of Ciongoli, that Declaration was submitted in opposition to a motion to compel, and there was never any indication that Ciongoli would have any involvement in this matter beyond the resolution of the motion to compel. (*Id.* at ¶ 11.)

The plaintiffs immediately responded to the defendants' witness list, asking the defendants who these two new witnesses were and where they had been disclosed as potential witnesses. (*Id.* at ¶ 9.) The plaintiffs' counsel spoke with the defendants' counsel late that evening, again raising that issue. (*Id.* at ¶ 10.) The defendants' counsel responded by advising that he needed to speak to his client before responding. (*Id.*) The plaintiffs have not heard further from the defendants regarding this issue. (*Id.*)

## III. ARGUMENT

Federal Rule of Civil Procedure 26(a) requires each party to provide initial disclosures of potential witnesses. FED. R. CIV. P. 26(a). Each party must provide the other with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses … identifying the subjects of the information." FED. R. CIV. P. 26(a)(1). These initial disclosures and subsequent discovery responses must be updated and supplemented in the event that a party discerns additional potential witnesses. FED. R. CIV. P. 26(e).

Where a party fails to disclose an "individual likely to have discoverable information" in accordance with Rule 26(a)(1), to supplement prior Rule 26(a)(1) disclosures as required by Rule 26(e)(1), or to amend discovery responses as required by Rule 26(e)(2), the undisclosed witness must be precluded from testifying at trial:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) is "a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material." *Yeti By Molly LTD v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting the Advisory Committee Notes to the Federal Rules of Civil Procedure). The automatic exclusion triggered by violation of Rule 26(a) reflects the Rule's "stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule." *Id.* (citation omitted). Courts have upheld Rule 37(c)'s effect even where it eviscerates a litigant's entire case. *Id.* This protection prevents even an innocent litigant from being "sandbagged" at the hands of a less obedient litigant. *See* James W. Moore, et al., Moore's Federal Practice, § 37.60[1] (1999).

The defendants failed to identify Charles Ciongoli or Steve Berman as potential witnesses in either their initial disclosures or their discovery responses. Accordingly, the defendants are now precluded from calling them as witnesses at trial. *See* FED. R. CIV. P. 37(c). This sanction is particularly warranted in this instance, as the defendants waited until the eve of trial, and after the close of discovery, to identify these persons as witnesses—despite knowing the plaintiffs had a right to depose the defendants' witnesses. The plaintiffs would be prejudiced if Ciongoli or Berman were allowed to testify since there has been no opportunity to depose them, or to conduct other discovery with respect to them and their knowledge in connection with this case.

District courts are provided "particularly wide latitude … to issue sanctions under Rule 37(c)(1)." *Yeti By Molly LTD*, 259 F.3d at 1106. ). Rule 37(c)(1) includes two exceptions under which the undisclosed or untimely information may be admissible: if the party's failure to disclose is either (1) substantially justified or

(2) harmless. FED. R. CIV. P. 37(c)(1). The court must first consider whether the party has established "substantial justification" for the failure to disclose and then consider whether the failure to disclose was "harmless." *McCullock v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 29 (D. Conn. 2004). Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance. *Id.* (citing *Pierce v. Underwood*, 4887 U.S. 552 (1988)). Further, the party attempting to admit the information bears the burden of proving harmlessness. *Yeti By Molly LTD*, 259 F.3d at 1107.

If the defendants are permitted to introduce Ciongoli or Berman as witnesses in the trial of this matter, the plaintiffs will be unfairly prejudiced. The defendants failed to timely disclose these two witnesses as required, this failure cannot be supported by substantial justification, and the failure is clearly not harmless as it has robbed the plaintiffs of the opportunity to fairly conduct discovery regarding these two potential witnesses. The deadlines for discovery have passed, and the parties are now preparing for trial. Although the plaintiffs have inquired, the defendants have not provided any explanation regarding the absence of any prior disclosure of these witnesses. Thus, Ciongoli and Berman should be precluded from offering any testimony or evidence at the trial of this action.[1]

## IV.    CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court grant its Motion *In Limine* as requested above.

---

[1] If the testimony of Ciongoli is permitted, it should be limited to exactly those issues and facts set forth in his Declaration, submitted herewith as Exhibit D to the Declaration of Richard S. Busch.

| | | |
|---|---|---|
| 1 | DATED: December 20, 2008 | Respectfully submitted, |

KING & BALLOW

/s/ Richard S. Busch
Richard S. Busch (TN Bar No. 014594)
rbusch@kingballow.com
Paul H. Duvall (State Bar No. 73699)
pduvall@kingballow.com
KING & BALLOW
9404 Genesee Avenue, Suite 340
La Jolla, CA 92037-1355
Telephone: (858) 597-6000
Facsimile: (838) 597-6008

- and -

Mark L. Block (State Bar No. 115457)
mblock@glaserweil.com

Glaser, Weil, Fink, Jacobs & Shapiro, LLP

10250 Constellation Blvd. 19th Floor
Los Angeles, CA 90067
Telephone: (310) 282-6240
Facsimile: (310) 556-2920

Attorneys for Plaintiffs