# EXHIBIT 1

## TO

### DECLARATION OF MARK LEVINSOHN IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CV 07-3314 PSG(MANx): F.B.T. Productions, LLC. et al. v. Aftermath Records, et al.

**Page 4**



**From:** Mark Levinsohn
**Sent:** Monday, October 27, 2008 5:41 PM
**To:** garys@zbbf.com
**Subject:** FBT v. Aftermath, et. al.

Dear Gary,

We are disappointed that you have changed your mind and informed us that you will not sign the proposed Affidavit for use in the captioned matter, contrary to your earlier position that you would indeed do so.

After Joel Martin sent a draft Affidavit to you by email on October 14th, you responded to him by email on October 15th, attaching the Affidavit with a few revisions and confirming that you were comfortable with signing the document incorporating your changes.

When I spoke to you on October 22nd, and again on October 23rd, you told me that you had deleted the sentence from the Affidavit concerning the "license" provision of the 1998 and 2003 recording agreements, not because you disagreed with the statement (in fact, you said you do agree with it), but simply because you were concerned that by offering your opinion on the matter, you might be setting yourself up as a "percipient expert witness".

In our conversation on the 23rd, you advised me of Universal's position that if you sign the Affidavit, they will depose you, and you said that Paul Rosenberg was in discussions with Universal to obtain assurances that he would not be deposed by them. I pointed out that Universal might still want to depose you on the basis of the draft Affidavit and your email correspondence to Joel, and I told you that I thought FBT could agree not to seek Paul's deposition.

Today, you told me that you cannot sign the Affidavit, out of respect for Paul's wishes since he does not want to be deposed. When I asked you whether Universal was threatening to take Paul's deposition if you sign the Affidavit, you said that their position was that if you signed it, "everything is in play". I asked you to at least send me an email, confirming the reason (outlined above) you had previously given me for deleting the sentence addressing the "license" provision, but you apologized and said that you couldn't be seen to send an email helpful to FBT's case, dated after your conversation with Rand Hoffman.

I told you that FBT was going to produce the draft Affidavit (together with relevant email correspondence), and you said that you understood, and that "you have to do what you have to do". When I asked you whether your testimony would be consistent with the position outlined herein, you said that it would.

Best wishes and regards,

**FBT - 00660**

Mark

**MARK A. LEVINSOHN, ESQ.** | Levinsohn & Arnay, LLP | 1790 Broadway, 10th Floor, New York, New York 10019 | phone: (212) 262-0123 | fax: (212) 262-5022 | mlevinsohn@entlawfirm.com |

This email, including any attachments, is confidential and may be legally privileged. If you have received it in error please advise the sender immediately by return email and then delete it from your system. The unauthorized use, distribution, copying or alteration of this email is strictly forbidden. If you need assistance please contact (212) 262-1000.



**From:** Gary Stiffelman [mailto:GaryS@ZiffrenLaw.com]
**Sent:** Monday, October 27, 2008 5:46 PM
**To:** Mark Levinsohn
**Subject:** RE: FBT v. Aftermath, et. al.

I am declining to respond to this in detail other than to say that my lack of a response is not to be taken as a confirmation of anything you have written below.

---

**From:** Mark Levinsohn [mailto:MLevinsohn@entlawfirm.com]
**Sent:** Monday, October 27, 2008 2:41 PM
**To:** Gary Stiffelman
**Subject:** FBT v. Aftermath, et. al.

Dear Gary,

We are disappointed that you have changed your mind and informed us that you will not sign the proposed Affidavit for use in the captioned matter, contrary to your earlier position that you would indeed do so.

After Joel Martin sent a draft Affidavit to you by email on October 14th, you responded to him by email on October 15th, attaching the Affidavit with a few revisions and confirming that you were comfortable with signing the document incorporating your changes.

When I spoke to you on October 22nd, and again on October 23rd, you told me that you had deleted the sentence from the Affidavit concerning the "license" provision of the 1998 and 2003 recording agreements, not because you disagreed with the statement (in fact, you said you do agree with it), but simply because you were concerned that by offering your opinion on the matter, you might be setting yourself up as a "percipient expert witness".

In our conversation on the 23rd, you advised me of Universal's position that if you sign the Affidavit, they will depose you, and you said that Paul Rosenberg was in discussions with Universal to obtain assurances that he would not be deposed by them. I pointed out that Universal might still want to depose you on the basis of the draft Affidavit and your email correspondence to Joel, and I told you that I thought FBT could agree not to seek Paul's deposition.

Today, you told me that you cannot sign the Affidavit, out of respect for Paul's wishes since he does not want to be deposed. When I asked you whether Universal was threatening to take Paul's deposition if you sign the Affidavit, you said that their position was that if you signed it, "everything is in play". I asked you to at least send

FBT - 00662

Page 7

me an email, confirming the reason (outlined above) you had previously given me for deleting the sentence addressing the "license" provision, but you apologized and said that you couldn't be seen to send an email helpful to FBT's case, dated after your conversation with Rand Hoffman.

I told you that FBT was going to produce the draft Affidavit (together with relevant email correspondence), and you said that you understood, and that "you have to do what you have to do". When I asked you whether your testimony would be consistent with the position outlined herein, you said that it would.

Best wishes and regards,

Mark


**MARK A. LEVINSOHN, ESQ.** | Levinsohn & Arnay, LLP | 1790 Broadway, 10th Floor, New York, New York 10019 | phone: (212) 262-0123 | fax: (212) 262-5022 | mlevinsohn@entlawfirm.com |

This email, including any attachments, is confidential and may be legally privileged. If you have received it in error please advise the sender immediately by return email and then delete it from your system. The unauthorized use, distribution, copying or alteration of this email is strictly forbidden. If you need assistance please contact (212) 262-1000.

******* Internet E-mail Confidentiality Footer ******

ZIFFREN, BRITTENHAM, BRANCA, FISCHER, GILBERT-LURIE, STIFFELMAN, COOK, JOHNSON, LANDE & WOLF LLP
1801 Century Park West
Los Angeles, CA 90067-6406
Tel 310-552-3388
Fax 310-553-7068

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

To ensure compliance with requirements imposed by the IRS, we inform you that, unless explicitly provided otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

If you have received this communication in error, please notify us immediately via e-mail at Postmaster@ZiffrenLaw.com or by telephone at 1-310-552-3388. Thank you.