



FILED
CLERK, U.S. DISTRICT COURT

MAR - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>     Plaintiffs,<br><br>  vs.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>     Defendants. | CASE NO. CV07-3314 PSG(MANx)<br><br>JURY INSTRUCTIONS |

## COURT'S INSTRUCTION NUMBER 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

COURT'S INSTRUCTION NUMBER 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim first that the defendants failed to pay them under the proper royalty provision for Eminem recordings in the form of permanent downloads and what are commonly known as mastertones. The plaintiffs claim second that the defendants failed to allocate certain costs correctly as between plaintiffs and Eminem, resulting in an underpayment of the plaintiffs' royalties. The plaintiffs have the burden of proving these claims.

The defendants deny those claims, and contend that the plaintiffs have been paid under the proper royalty provision for Eminem recordings in the form of permanent downloads and mastertones. As to the plaintiffs second claim, the defendants contend that Plaintiffs should recover from Eminem any costs Plaintiffs claim were allocated incorrectly. The defendants also assert the affirmative defenses of statute of limitations, waiver, estoppel, set-off and mitigation of damages.

The plaintiffs deny the defendants' affirmative defenses.

7307199.1                                   - 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER 3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

1

COURT'S INSTRUCTION NUMBER 4

2

3
You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER 5

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness, whether appearing live or by deposition;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NUMBER 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NUMBER 7

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COURT'S INSTRUCTION NUMBER 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## COURT'S INSTRUCTION NUMBER 9

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

COURT'S INSTRUCTION NUMBER 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

COURT'S INSTRUCTION NUMBER 11

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

1

## COURT'S INSTRUCTION NUMBER 12

2

During deliberations, you will have to make your decision based on

3

what you recall of the evidence.  You will not have a transcript of the trial.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER 13

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

COURT'S INSTRUCTION NUMBER 14

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

COURT'S INSTRUCTION NUMBER 15

Trials proceed in the following way: First, each side may make an opening statement. A party is not required to make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. Also, because it is often difficult to give you the evidence in the order we would prefer, the opening statement allows you to keep an overview of the case in mind during the presentation of the evidence.

Plaintiffs will present their evidence first. Because the parties may call many of the same witnesses, Defendants may present some of their evidence during Plaintiffs' case. Then, when Plaintiffs are finished, Defendants will present the rest of their evidence.

One or both parties may call witnesses who were employed by or otherwise associated with the other side, or whose interests run contrary to those of the party calling the witness for some reason. These witnesses are known as "adverse" witnesses. There are tactical reasons that a party may call such a witness, it is permissible for them to do so, and you should not be confused by the fact that a party, as a part of its "case in chief," called as a witness a person associated with the other side. You should treat the testimony of these witnesses the same as you would the testimony of any other witness.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# COURT'S INSTRUCTION NUMBER 16

All parties are equal before the law and a corporation or partnership is entitled to the same fair and conscientious consideration by you as any party.

COURT'S INSTRUCTION NUMBER 17

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Eddy Cue was taken on June 20, 2008, and the deposition of Ethan Gustav was taken on October 30, 2008. You should consider this deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

1

## COURT'S INSTRUCTION NUMBER 18

2

    The evidence that a witness lied under oath on a prior occasion may be

3

considered, along with all other evidence, in deciding whether or not to believe the

4

witness and how much weight to give to the testimony of the witness and for no

5

other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7307199.1

COURT'S INSTRUCTION NUMBER 19

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

## COURT'S INSTRUCTION NUMBER 20

2

3

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

4

5

6

7

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NUMBER 21

2

People have a legal right not to disclose what they told their lawyers in

3

confidence because the law considers this information privileged. People may

4

exercise this privilege freely and without fear of penalty.

5

The Court decides whether an assertion of privilege should be upheld.

6

You must not use the fact that a witness asserted or exercised this privilege to

7

decide whether he or she should be believed. Indeed, you must not let it affect any

8

of your decisions in this case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NUMBER 22

2

     Certain charts and summaries not received in evidence have been

3

shown to you in order to help explain the contents of books, records, documents, or

4

other evidence in the case.  They are not themselves evidence or proof of any facts.

5

If they do not correctly reflect the facts or figures shown by the evidence in the

6

case, you should disregard these charts and summaries and determine the facts from

7

the underlying evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NUMBER 23

2

Certain charts and summaries have been received into evidence to

3

illustrate information brought out in the trial. Charts and summaries are only as

4

good as the underlying evidence that supports them. You should, therefore, give

5

them only such weight as you think the underlying evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NUMBER 24

2

When you begin your deliberations, you should elect one member of

3

the jury as your presiding juror.  That person will preside over the deliberations and

4

speak for you here in court.

5

You will then discuss the case with your fellow jurors to reach

6

agreement if you can do so.  Your verdict must be unanimous.

7

Each of you must decide the case for yourself, but you should do so

8

only after you have considered all of the evidence, discussed it fully with the other

9

jurors, and listened to the views of your fellow jurors.

10

Do not hesitate to change your opinion if the discussion persuades you

11

that you should.  Do not come to a decision simply because other jurors think it is

12

right.

13

It is important that you attempt to reach a unanimous verdict but, of

14

course, only if each of you can do so after having made your own conscientious

15

decision.  Do not change an honest belief about the weight and effect of the

16

evidence simply to reach a verdict.

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## COURT'S INSTRUCTION NUMBER 26

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

COURT'S INSTRUCTION NUMBER 27

Plaintiffs claim that Defendants breached the recording agreements by failing to pay them under the proper royalty provision for Eminem recordings in the form of permanent downloads and mastertones.

Plaintiffs further claim that Aftermath breached the recording agreements by failing to allocate certain costs correctly as between F.B.T., on the one hand, and Eminem, on the other hand, resulting in an underpayment of royalties to the Plaintiffs.

To recover damages from Defendants for breach of contract, Plaintiffs must prove all of the following as to each of the Defendants:

That Plaintiffs did all, or substantially all, of the significant things that the recording agreements required them to do, or that they were excused from doing those things;

That all conditions required by the recording agreements for Defendants' performance had occurred;

That Defendants failed to do something that the recording agreements required them to do; and

That Plaintiffs were harmed by that failure.

1

## COURT'S INSTRUCTION NUMBER 28

2

3

4

5

6

7

8

9

10

      The rights and duties of the parties are governed by the recording agreements and their amendments that have been admitted in evidence as: Exhibit 5 (the March 9, 1998 Recording Agreement); Exhibit 9 (the 2000 Novation); Exhibit 10 (the July 2, 2003 Recording Agreement); and Exhibit 17 (the 2004 Amendment). All of the recording agreements and amendments, which are part of the same transaction, must be interpreted together.  If there are any provisions in one of these documents limiting, explaining, or otherwise affecting the provisions of another, all these provisions should be given consideration in determining the agreement of the parties.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NUMBER 29

You should assume that the parties intended the words in their recording agreements to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

1

## COURT'S INSTRUCTION NUMBER 30

2

    In interpreting the recording agreements, you should assume that the

3

parties intended words used in a technical sense to have the meaning that is usually

4

given to them by people who work in the recording industry, unless you decide that

5

the parties clearly used the words in a different sense.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NUMBER 31

In deciding what the words of the recording agreements meant to the parties, you should consider the whole agreement, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

COURT'S INSTRUCTION NUMBER 32

In deciding what the words in a recording agreement meant to the parties, you may consider how the parties acted after the recording agreement was created but before any disagreement between the parties arose.

Interpretation of the parties' conduct is not limited to their joint conduct, but may include any unilateral conduct of one party without knowledge of the other party. However, the unilateral conduct of one party is not conclusive evidence as to the meaning of the recording agreement.

1

## COURT'S INSTRUCTION NUMBER 33

2

A contract must be interpreted to give effect to the agreement of the

3

parties at the time of contracting. You must determine what the parties agreed to by

4

the words used in the written recording agreements. What the parties agreed to is

5

based on the words and acts of the parties and not on their thoughts or unstated

6

intentions.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NUMBER 34

If you decide that the plaintiffs have proved their claim against any one or more of the defendants for breach of the recording agreements, you also must decide how much each defendant must pay in order to reasonably compensate the plaintiffs for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the plaintiffs in as good a position as they would have been if the defendants had performed as promised.

To recover damages for any harm, the plaintiffs must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2. That when the contract was made, the parties could have reasonably foreseen the harm as the probable result of the breach.

Plaintiffs also must prove the amount of their damages according to the following Instruction No. 35. Plaintiffs do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Plaintiffs claim damages, first, for the underpayment of royalties from Aftermath's failure to pay them under the proper royalty provision, and second, for the underpayment of royalties in the amount of $159,332 from the misallocation of certain costs between F.B.T. and Eminem.

7307199.1                    - 34 -

COURT'S INSTRUCTION NUMBER 35

To recover damages for a breach of the recording agreements' obligation to pay money, Plaintiffs must prove the amount due under the recording agreements.

COURT'S INSTRUCTION NUMBER 36

If the Plaintiffs prove a breach of the recording agreements as to any defendant and that the breach caused harm, Plaintiffs are not entitled to recover damages for harm that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

COURT'S INSTRUCTION NUMBER 37

If you conclude that Aftermath was required to account to Plaintiffs for permanent downloads and mastertones under the provision that Plaintiffs claim applies, then Defendants contend that Aftermath is still not obligated to account to Plaintiffs in that manner because Plaintiffs gave up any right to different royalty treatment. This is called a "waiver."

To succeed, Defendants must prove both of the following by clear and convincing evidence:

1. That Plaintiffs knew Aftermath was required to apply a particular royalty provision to permanent downloads and mastertones

2. That Plaintiffs freely and knowingly gave up their right to have Aftermath perform this obligation.

A waiver may be oral or written or it may arise from conduct that shows that Plaintiffs gave up that right. If Defendants prove that Plaintiffs gave up their right to Aftermath's payment of royalties for permanent downloads and mastertones under Sections 4(c)(v) and 5(c)(v) of the recording agreements, then Aftermath was not required to perform this obligation.

7307199.1

COURT'S INSTRUCTION NUMBER 38

If you conclude that Aftermath was required to account to Plaintiffs for permanent downloads and mastertones under the provision that Plaintiffs claim applies, then Aftermath contends that it is still not obligated to account to Plaintiffs in that manner because Plaintiffs are estopped from demanding different royalty treatment.

To succeed, Defendants must prove the following by clear and convincing evidence:

1. That Plaintiffs knew Aftermath was required to apply a particular royalty provision to permanent downloads and mastertones;

2. That Plaintiffs freely and knowingly gave up their right to have Aftermath perform this obligation;

3. That Defendants reasonably relied on Plaintiffs' knowing conduct

Estoppel may arise by oral or written act or it may arise from conduct that shows that Plaintiffs gave up that right. If Defendants prove that Plaintiffs gave up any right to Aftermath's payment of royalties for permanent downloads and mastertones under Sections 4(c)(v) and 5(c)(v) of the recording agreements, and that Defendants reasonably relied on their relinquishing that right, then Aftermath was not required to perform this obligation.

1

## COURT'S INSTRUCTION NUMBER 39

2

3

4

5

6

7

8

9

Defendants claim that any damages that Plaintiffs might obtain in this case would be subject to a set-off. When both parties owe each other money, their demands are satisfied so far as they equal each other. Aftermath has paid Plaintiffs certain amounts in royalties already, and Plaintiffs are contractually obligated to reimburse Aftermath for overpayments. The amount of set-off against any award of damages includes both (a) what Aftermath proves it has paid Plaintiffs in royalties; and (b) any amounts that Aftermath proves that Plaintiffs owe Aftermath under the contracts, including the difference on any overpayments.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NUMBER 40

The defendants contend that any damages to plaintiffs which occurred prior to the time set by law for plaintiffs claims should be barred.

To succeed on this defense as to any of plaintiffs' claims, the defendants must prove that the plaintiffs' claimed harm occurred before May 21, 2003. Only damages that accrued before May 21, 2003 would be barred by the statute of limitations. Any damages that accrued after May 21, 2003 would be recoverable.

COURT'S INSTRUCTION NUMBER 41

If you find that the defendants breached the contracts and that the breach was committed in a manner such that it was not reasonably discoverable by plaintiffs until a future time, the application of the statute of limitations may be delayed by what is commonly referred to as the "discovery rule."

Under the discovery rule, a claim accrues for purposes of the statute of limitations when the plaintiff discovers, or could have discovered through reasonable diligence, the injury and its cause.

Any damages you find that the plaintiffs could not have discovered through reasonable diligence prior to May 21, 2003 are fully recoverable by plaintiffs.