GLENN D. POMERANTZ (State Bar No. 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (State Bar No. 235670)
Melinda.Lemoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,<br><br>             Plaintiffs,<br><br>       vs.<br><br>AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,<br><br>             Defendants. | CASE NO.  CV 07-03314 PSG (MANx)<br><br>**DECLARATION OF MELINDA E. LEMOINE IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

I, Melinda E. LeMoine, declare:

1. I am a lawyer in the firm of Munger Tolles & Olson LLP ("MTO"), counsel of record for defendants Aftermath Records d/b/a Aftermath Entertainment, UMG Recordings, Inc., Interscope Records, and ARY, Inc. ("Defendants") in this litigation. This declaration is made in support of the Reply to Defendants' Motion for Attorney's Fees. The contents of this declaration are within my personal knowledge. If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2. In keeping with these timekeeping and billing policies of my firm, I kept careful records of the time I spent working on this matter. Specifically, I prepared a time log setting forth the work done each day, as well as the amount of time worked, in six minute increments. I had the information in these logs entered into our computer billing system and reviewed my entries to ensure their accuracy.

3. Under my direction, Ms. Song compiled the work and time summaries in support of this Reply from the contemporaneous time records maintained by our firm.

4. Attached as Exhibit A is a chart prepared in response to Plaintiffs' Exhibit 1 to their Opposition. The responses to Plaintiffs' objections are based on my personal knowledge gleaned from participation in this litigation, from my review of the billing statements issued to our clients, and from my preparation of the supporting material for the Motion for Attorney's Fees.

5. Attached as Exhibit B is a supplemental request for attorney's fees that were incurred after the verdict in this litigation. Exhibit B includes time spent on post-trial work, including: preparing the Final Judgment, the Final Order Dismissing Count Three, the Motion for Attorney's Fees, the Opposition to Plaintiffs' Motion for a New Trial, the Opposition to Plaintiffs' Motion for Attorney's Fees, Defendants' Bill of Costs, Defendants' Objections to Plaintiffs' Bill of Costs, Defendants' Consolidated Opposition to Plaintiffs' Motion to Re-tax

Costs, Defendants' Motion to Re-tax Costs, Defendants' Opposition to Plaintiffs' Motion to Amend the Judgment, and Defendants' Opposition to Plaintiffs' Motion to Defer Briefing on Attorney's Fees. To reflect the partial success Defendants' obtained on Plaintiffs' Motion to Amend the Judgment, I reduced the hours spent on preparing the Opposition to Plaintiffs' Motion to Amend the Judgment by 50%.

6. As I explained in my Declaration in support of the Motion for Attorney's Fees, Defendants' Motion excluded hundreds of hours of attorney time expended on an initial document review. In addition to excluding that attorney time for the initial document review, the time sought for general document review tasks (including attorney time and staff time) was reduced by 50% to account for any overlap in document review between the *F.B.T.* and *Eight Mile* cases.

7. Exhibit A to this Declaration also includes three entries of time and the associated fees that were inadvertently omitted from the original submissions in support of Defendants' Motion for Attorney's Fees. Exhibit 1 to the LeMoine Declaration and Exhibit A to the Pomerantz Declaration were prepared based on a master spreadsheet, which was in turn created from a review of the contemporaneous billing statements in this matter. In preparing the Reply, we double-checked all of the total hours sought in Exhibits 1 and A to ensure that the numbers matched the totals on the master spreadsheet. In double-checking the totals, we found three time entries that were inadvertently omitted when the numbers were transposed from the master spreadsheet to the summaries in Exhibit 1. We did not find any other errors.

8. In all, a total of $33,286.80 in fees were inadvertently excluded from the Motion for Attorney's Fees due to transposition errors. From "Case Assessment and Administration - Document/File Management," 42 hours of Mr. Nickels' time (and thus $10,620 in fees) were inadvertently omitted. From "Trial Preparation and Trial - Trial Witnesses," 15.6 hours of Mr. Nickels' time (and thus $4,141.80 in fees) were inadvertently omitted. From "Trial Preparation and Trial -

1  Trial Attendance," 30 hours of Mr. Pomerantz's time (and thus $18,525 in fees)
2  were inadvertently omitted.
3       9.     The omitted fees have now been included in Exhibit A, in bolded totals
4  to reflect the increase.
5       I declare under penalty of perjury under the laws of the United States that the
6  foregoing is true and correct.  Executed this 15th day of June 2009, at Los Angeles,
7  California.

            /s/ *Melinda E. LeMoine*
            Melinda E. LeMoine