# EXHIBIT A

Case 2:07-cv-03314-PSG -MAN   Document 602-2   Filed 06/15/09   Page 1 of 11   Page ID #:13296

| | Case Assessment, Development & Administration | | | | |
|---|---|---|---|---|---|
| | Fact Investigation/ Development | Analysis/Strategy | Expert/Consultant | Doc/File Management | Settlement |
| Description | Factual research, client interviews, document review, legal research for assessment purposes, communications in connection with or regarding fact investigations. | Thinking, strategizing and planning for the case, including discussions and writings related to the same, preparation of litigation plans, communications regarding strategy. | Researching, interviewing and working with experts and consultants, communications and consultants. | File organization, administration, database construction and management. | Preparing for and participating in settlement discussions, pursuing mediation, communications regarding mediation, drafting mediation submissions, analysis regarding settlement-related issues. |
| Hours | 70.1 | 96.3 | 49.2 | **239.50** (197.5)[1] | 159 |
| Pomerantz | 10.5 | 32.1 | 21.8 | | 64.3 |
| Klaus | 14.4 | 18.0 | 21.3 | | 56.3 |
| LeMoine | 14.1 | 14.0 | 5.1 | 1.4 | 31.7 |
| Encinas | 26.4 | 30.2 | | 1.7 | |
| Li | | | | | |
| Song | 4.7 | 2.0 | 1.0 | 190.2 | 6.7 |
| Nickels | | | | **42.0** | |
| Arteaga | | | | | |
| Lee | | | | 4.2 | |
| Geronimo | | | | | |
| Marinero | | | | | |
| Fees | $29,086.95 | $44,996.63 | $27,200.00 | **$44,918.70** ($34,298.70) | $84,175.23 |
| | | | | | |
| Objections | Excessive fees; vague description; possible duplication of work. | Excessive fees; vague description; possibly not reasonably necessary; possible excessive communications. | Excessive fees; vague description, no evidence of necessity. | Excessive fees; vague description; possible billing at paralegal rates for secretarial tasks. | Excessive time spent preparing for settlement discussions and/or drafting mediation statements. |

---

[1] 42.0 hours for Philip Nickels were inadvertently omitted from LeMoine Exhibit 1 in support of the motion.  Mr. Nickels hourly rate is $265.50 (x 42 = $10,620).  Corrections are in Red.

| | Case Assessment, Development & Administration | | | | |
|---|---|---|---|---|---|
| | Fact Investigation/ Development | Analysis/Strategy | Expert/Consultant | Doc/File Management | Settlement |
| **Defendants' Response** | Seventy hours for fact investigation and development, including client interviews about the facts at issue, is not at all excessive for this litigation, which has spanned nearly two years at this point.  The description is not vague, it specifically describes the tasks included -- assessing the facts of the case with the client, including client interviews, client meetings, review of client documents to develop the underlying facts of the case, and written communications about the same. | Under 100 hours for analyzing and defining the litigation strategy for a case that has spanned more than two years is not excessive.  This time includes communication with the client about potential strategies  and internal communications about potential strategies.  It also includes time spent drafting communications with the client or internal memoranda regarding strategy for the litigation. | Under 50 hours for a litigation that spanned nearly two years, that turned almost exclusively on expert testimony, is not an excessive amount of time to spend working with experts and consultants to develop the case and assess strengths and weaknesses. | Around 200 hours to maintain a database of thousands of documents and maintain the case files for a case that to date has generated nearly 600 docket entries is not excessive.  Almost none of this time is attorney time -- it is primarily support staff time.  Whenever possible, tasks that can be delegated to non-timekeepers, like administrative assistants, *are* delegated.  This is simply an accurate depiction of exactly how much labor is required by specialized professional support staff to create, maintain, and operate an efficient system for managing databases of documents and electronic case files. | There were two mediations held in this lawsuit and this category includes the time spent preparing for and attending both.  It also includes the time spent drafting not one but two confidential mediation briefs. This total is not limited to formal mediations and settlement discussions with Plaintiffs, but also includes time spent working with the client to attempt to find a workable solution to incurring the costs of the ongoing litigation.  In a two-year, expensive litigation like this, the total number of hours for such critical thinking and discussions is extremely reasonable. |

|  | Pretrial Pleadings & Motions | | |
|---|---|---|---|
|  | **Pleadings** | **Dispositive Motions** | **Other Written Motions/Submissions** |
| **Description** | Analysis and response to pleadings, reviewing and answering complaints, etc. | Motions to dismiss, motions for summary judgment, all work conducted in drafting, researching, supporting, revising and filing such motions. | All work done in connection with drafting, filing, researching and revising motions other than dispositive motions or discovery motions, and other than motions or submissions connected with trial. |
| **Hours** | 68.3 | 503.6 | 60.5 |
| **Pomerantz** | 3.0 | 42.3 | 34.1 |
| **Klaus** | 23.3 | 114.4 | 22.4 |
| **LeMoine** | 11.8 | 183.4 | 4.0 |
| **Encinas** | 29.5 | 38.7 |  |
| **Li** |  |  |  |
| **Song** | 0.7 | 70.5 |  |
| **Nickels** |  |  |  |
| **Arteaga** |  | 24.1 |  |
| **Lee** |  | 30.2 |  |
| **Geronimo** |  |  |  |
| **Marinero** |  |  |  |
| **Fees** | $25,523.13 | $195,252.15 | $28,773.00 |
| **Objections** | Excessive fees, 52.8 hours in 2007 particularly excessive given identical answers filed. | Excessive fees; vague description; no way to determine what fees are for which briefs; possible inclusion of fees for motion to dismiss in Case No. 08-01563. | Excessive fees; no way to determine what fees are attributed to what motions. |
| **Defendants' Response** | The 68.3 hours are not excessive. The total hours for 2007 included time spent analyzing the complaint and researching and analyzing potential affirmative defenses or motions to challenge the complaint. An answer and an amended answer were filed in 2007 and they were not identical. The hours also include time | As discussed in the brief, this category includes (1) the Motion to Dismiss the Second Case (**Doc. 15**); (2) the Reply in support of the Motion to Dismiss (**Doc. 25**); (3) Defendants' Motion for Partial Summary Judgment (**Doc. 170**); (4) the Separate Statement of Uncontroverted Facts prepared | This time is not excessive. It includes the time attributable to all other motions aside from those categorized elsewhere. In particular, this time includes time spent drafting, revising, finalizing and filing a response to Plaintiffs' (unsuccessful) motion to move the trial date (**Doc. 40**) and the ex parte papers filed to set a briefing schedule for the motions for summary judgment (**Doc. 161**). |

|  | Pretrial Pleadings & Motions | | |
|---|---|---|---|
|  | **Pleadings** | **Dispositive Motions** | **Other Written Motions/Submissions** |
|  | spent analyzing the complaint filed in the second case. These hours also include time spent responding to the Second Amended Complaint. Under 70 hours to review the several complaints filed, to prepare the three answers and to conduct the attendant research required is not excessive. | in connection with Defendants' Motion (**Doc. 173**); (5) Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (**Doc. 249**); (6) the Separate Statement of Genuine Issues in Opposition to Plaintiffs' 211 "uncontroverted facts" (**Doc. 253**); (7) the Reply in support of Defendants' Motion for Partial Summary Judgment (**Doc. 280**); (8) all Declarations filed in support of all of these motions and oppositions (**Docs. 171, 172, 252, 255, 256**); (9) other supporting documents, including a Motion under Rule 56 (**Doc. 257**) and Objections to Plaintiffs' evidence (**Doc. 283**). For briefing this extensive, 503.6 hours distributed among two primary attorneys, with some minimal review from two others and support staff assistance to compile exhibits (including extensive under seal filing work for all of these briefs) is hardly excessive. |  |

| | Discovery | | | | | |
|---|---|---|---|---|---|---|
| | **Written Discovery** | **Rule 26** | **Doc Review/ Production** | **Fact Depositions** | **Expert Discovery** | **Discovery Motions** |
| **Description** | Preparing and serving written discovery (including both interrogatories and documents requests). Responding to document requests and interrogatories. Reviewing opposing side's written discovery received. Preparing and serving any third-party subpoenas, reviewing responses to any third-party subpoenas. Meet and confer discussions on written discovery responses short of discovery motions. | Work preparing for the initial conference of counsel and initial disclosure of documents and information under Rule 26. | Document review tasks in connection with the production of documents. Identifying search terms, identifying custodians likely to have responsive documents, collecting documents to be researched, reviewing documents for responsiveness and privilege, preparing privilege logs. | Taking depositions (excluding expert depositions). Preparing disposition notices and subpoenas. Communications regarding deposition scheduling and logistics, planning and preparing for depositions, discussing deposition strategy, preparing witnesses for deposition, attending depositions, travel to and from depositions, summarizing depositions. | Preparing expert discovery disclosures and notices, communicating regarding expert discovery scheduling and logistics, discussing expert strategy, preparation and consultation with experts retained. Preparing for and taking expert depositions, preparing experts for deposition. | Preparing or responding to motions arising out of disputes in discovery, including protective orders and motions to compel. Also includes time spent negotiating protective order to govern case, and any hearing attendance required for discovery motions. |
| **Hours** | 259.6 | 31.4 | 458.4 | 222.7 | 166.9 | 387.7 |
| **Pomerantz** | 16.0 | 1.0 | | 99.0 | 95.5 | 30.3 |
| **Klaus** | 75.0 | 16.4 | 26.9 | 47.0 | 33.0 | 109.6 |
| **LeMoine** | 74.5 | 10.7 | 17.0 | 38.1 | 23.8 | 92.0 |
| **Encinas** | 85.0 | | 89.4 | 5.9 | | 109.5 |
| **Li** | | | | | | |
| **Song** | 9.1 | 3.3 | 189.4 | 32.7 | 5.5 | 46.3 |
| **Nickels** | | | 132.3 | | | |
| **Arteaga** | | | | | 9.1 | |
| **Lee** | | | | | | |
| **Geronimo** | | | 3.4 | | | |
| **Marinero** | | | | | | |
| **Fees** | $108,590.73 | $11,925.75 | $117,283.95 | $109,393.20 | $88,826.75 | $157,564.05 |

| | Discovery | | | | | |
|---|---|---|---|---|---|---|
| | **Written Discovery** | **Rule 26** | **Doc Review/ Production** | **Fact Depositions** | **Expert Discovery** | **Discovery Motions** |
| **Objections** | Excessive fees amounting to over 1.5 hours per discovery request propounded or responded to. | Excessive fees given 3 page initial disclosures, no documents produced, joint preparation of 26(f) report. | Excessive fees given exclusion of "large scale" document review; vague descriptions; possible duplication of work; possible excessive charges for secretarial tasks. | Excessive fees; no division by deponent; travel time included. | Excessive fees; at least 120 hours spent on disclosures, communications and preparation for depositions. | Excessive fees; possible duplication of work among 4 attorneys. |
| **Defendants' Response** | The hours are not excessive. This category includes much more than simply propounding and responding to discovery. It includes reviewing all discovery responses, drafting meet-and-confer communications, meeting and conferring with opposing counsel *short of* motions, and third-party discovery (which both sides served in this case). Much of the time spent in this case was spent in extremely broad discovery, as Plaintiffs' know, and 259.6 hours is simply not an excessive amount considering the scope of discovery in this case and the length of time discovery spanned -- even by Plaintiffs' | A mere 31.4 hours is not excessive to prepare for and conduct the necessary meet-and-confer and preparation of the joint 26(f) report. Defendants also identified the categories of documents to be produced as initial disclosures and identified potential witnesses with relevant information. | This time is not excessive. In fact, as explained in the Declaration of Melinda LeMoine in support of the Motion and the Reply Declaration of Melinda LeMoine, it includes *much less* time than was actually incurred for this task. Attorney time for the initial large-scale document review has been excluded. The remaining time includes time spent reviewing documents already deemed potentially relevant for production and for privilege. In addition, the time for general document review in this category has been further reduced by 50% before | This time is not excessive. Plaintiffs acknowledge that they took 15 fact depositions in this law suit. Defendants also took depositions of five additional witnesses, including two F.B.T.-related depositions of Mr. Martin. Just over 200 hours for almost 20 depositions (excluding those attributable to Count 2) is extremely reasonable, averaging approximately 10 hours per deposition in total, including preparation time. | Expert testimony was a key element in this trial. The number of hours here includes time spent preparing Defendants' own expert, Mr. Harleston, but also includes time spent preparing for and deposing Plaintiffs' *three* purported experts, including Prof. Peter Menell, Gary Cohen, and two depositions of David Berman necessitated by Plaintiffs' "supplementing" his report. These hours also include time spent reviewing the considerable amount of documents produced by Plaintiffs' experts, including the | This category includes time for briefing, arguing, and any follow-up meet-and-confer *post*-motion (on the magistrate's orders) for the many discovery motions filed in this case. Those include: (1) Plaintiffs'' Motion to Compel Further Responses from Defendants (**Doc. 44**); (2) Plaintiffs' Motion to Compel Documents from Apple (**Doc. 74**); (3) Defendants' Motion for a Protective Order to Quash the Deposition of Jimmy Iovine (**Doc. 58**); (4) Defendants' Motion to Amend the Protective Order (to protect against sharing confidential information with potential experts) (**Doc. 110**); (5) Plaintiffs' Motion to Compel Foreign Distribution Information (**Doc. 129**); (6) Plaintiffs' Motion to Exceed the 10-Deposition Limit (**Doc. 125**); (7) |

| | Discovery | | | | | |
|---|---|---|---|---|---|---|
| | **Written Discovery** | **Rule 26** | **Doc Review/ Production** | **Fact Depositions** | **Expert Discovery** | **Discovery Motions** |
| | shortened account discovery spanned nearly a year. | This time also includes client communications regarding the initial disclosures. | being incorporated into the fee Motion.  Mr. Nickels' and Ms. Song's time is not for "secretarial" tasks, but instead is for production of documents including electronic bates-labeling, maintenance and updating of electronic document databases, coding documents, and other necessary tasks involved in modern-day electronic discovery. | | numerous filings produced by Mr. Berman from his other expert appearances. The hours average out to include approximately 40 hours of time for each expert involved in the case.  That is not excessive, especially in view of the critical role expert testimony played in this case. | Defendants' Motion to Compel Documents from Plaintiffs and Plaintiffs' <u>Second</u> Motion to Exceed the 10-Deposition Limit (**Doc 140**). Under 400 hours of time for these many discovery battles is not excessive.  It averages out to approximately 50 hours per motion, or less than half of the time Plaintiffs claim they spent on one single brief opposing Defendants' single claim in a motion to dismiss. |

|  | Trial | | | |
|---|---|---|---|---|
|  | **Witness Preparation** | **Written Motions/ Submissions** | **Preparation** | **Attendance** |
| **Description** | Preparing witnesses, preparing for examination of witnesses, preparing cross-examination of witnesses. | All written submissions and motions required for trial. Includes briefing and opposing motions in limine, preparing pleadings in connection with disputed jury instructions, preparation and responses to other trial proceedings, such as Memoranda of Contentions of Fact and Law, Final Pretrial Conference Order, Trial Briefs, etc. | Preparing for trial, preparing opening and closing arguments, selecting and preparing exhibits, including exhibit list. Preparing witness lists, depositions designations and responding to same, preparing demonstratives, all support staff assistance in connection with these trial preparation tasks. | Attending trial and conferences with Court during trial. |
| **Hours** | **574.3** (558.7)[4] | 766.3 | 1844.80 | **274.9** (244.9)[5] |
| **Pomerantz** | 131.0 | 44.9 | 282.4 | **60.0** |
| **Klaus** | 136.9 | 115.9 | 131.7 | 59.0 |
| **LeMoine** | 79.6 | 284.8 | 289.2 | 59.9 |
| **Encinas** | 7.7 | 149.6 | 46.3 | |
| **Li** | 28.7 | | 90.7 | |
| **Song** | 28.2 | 69.6 | 345.0 | 52.0 |
| **Nickels** | **15.6** | | 210.3 | 44.0 |
| **Arteaga** | 25.4 | 72.1 | 75.7 | |
| **Lee** | 20.5 | 29.4 | 166.3 | |
| **Geronimo** | 15.7 | | 122.3 | |
| **Marinero** | 85.0 | | 84.9 | |
| **Fees** | **$228,756.35** ($224,614.55) | $282,631.35 | $596,994.15 | **$114,282.60** ($95,757.60) |

---

[4] 15.6 hours for Philip Nickels were inadvertently omitted from LeMoine Exhibit 1 in support of the motion. Mr. Nickels hourly rate is $265.50 (x 15.6 = $4,141.80). Corrections are in Red.

[5] 30.0 hours for Glenn Pomerantz were inadvertently omitted from LeMoine Exhibit 1 in support of the motion. Mr. Pomerantz's hourly rate is $617.50 (x 30.0 = $18,525.00). Corrections are in Red.

|  | Trial | | | |
|---|---|---|---|---|
|  | **Witness Preparation** | **Written Motions/ Submissions** | **Preparation** | **Attendance** |
| **Objections** | Excessive fees, particularly given limited length of trial (20 hours, revised to 16); over 350 hours of attorney time and 200 hours of paralegals/case clerk. | Excessive fees; no way to determine what fees are attributable to what motions | Extremely excessive fees given 749.6 attorney hours and 1100 hours by support staff; lack of documentation makes objecting with specificity near-impossible. | Unnecessary duplication of work given overstaffing at trial. |
| **Defendants' Response** | As Plaintiffs are well aware, the time limitations imposed on the trial did not persuade them to limit the number of witnesses they intended to and ultimately did present at trial. In their witness list, Plaintiffs stated that they intended to present *27 witnesses (***Doc. 511***)*. That number was not reduced until the eve of trial, when Plaintiffs filed a brief detailing their expected witness examinations. Even then, the witness list included *22 witnesses* (**Doc. 453**). At jury selection, Plaintiffs finally presented Defendants with a draft witness list giving the order in which they intended to call their witnesses, and even then they still planned on calling 18 witnesses. Plaintiffs' refusal to give up a single witness until time constraints at trial ultimately forced them to created an enormous amount of work for Defendants in preparing | The pre-trial filings required in the Central District of California are extensive and detailed. As it plainly states in the description, this category includes all time spent on those filings. That includes Defendants' eight motions in limine and replies in support - six of which were successful. It also includes Defendants' oppositions to Plaintiffs' six motions in limine -- only one of which was successful (the other was a non-issue). Counting the motions in limine alone, this category includes time spent drafting, revising, and preparing supporting evidence and declarations for 22 briefs. Aside from the motions-in-limine, there were numerous briefs and joint-filing requirements. Those included extensive disputed jury instructions (including Plaintiffs' two belated, "supplemental" instructions), Defendants' Memoranda of Fact and Law, Defendants' Trial Brief, etc. The | This time includes all trial preparation except for witness examinations, witness preparation and pre-trial filings. In other words, it includes the time spent crafting Defendants' entire trial strategy and story from start to finish: opening, closing, exhibits, witnesses, demonstratives -- everything. In addition to the affirmative story Defendants had to craft, this category also includes the extensive time required in responding to Plaintiffs' extensive witness list and deposition designations. Plaintiffs refused to limit their exhibit list, requiring extensive objections to exhibits that never were used at trial. They also insisted on lengthy deposition designations, which then had to be redone after the motions in limine. The prolonged meeting and conferring and forced objections to an overlong exhibit list that ended up | Counsel was not overstaffed at trial. Because of the large number of witnesses Plaintiffs insisted on calling, three lawyers were necessary to distribute the enormous amount of preparation work among the team. Mr. Nickels' time was necessary to aid in the trial presentations -- just as Plaintiffs' outside vendor was available to aid them. The support staff at trial was also necessary to assist with all of the clerical aspects of exhibits, witness preparation, and other tasks so that the attorneys could focus on the trial presentation. That included the joint burden of creating and maintaining and revising the voluminous exhibit set Plaintiffs insisted upon, which Plaintiffs should appreciate rather than complain about here. |

| | Trial | | | |
|---|---|---|---|---|
| | **Witness Preparation** | **Written Motions/ Submissions** | **Preparation** | **Attendance** |
| | witnesses, preparing direct examinations, preparing cross-examinations, and other tasks.  That does not even include the time Defendants had to spend with their own witnesses, including Mr. Harleston.  The staff time is necessary to prepare the witness binders for each witness and compile necessary documents relating to the *27 witnesses* on Plaintiffs' initial list.  Considering the circumstances, this number of hours is highly reasonable. | total time for all of these filings and motions is more than reasonable, especially when considering the overwhelmingly favorable results obtained. | being essentially useless at trial when less than 40 of its exhibits were used, and the extensive hours spent in responding to Plaintiffs' deposition designations -- the objections to which (in Mr. Cue, Mr. Jobs' and Mr. Gustav's testimony) were largely upheld by the Court -- necessitated much of the trial preparation work. | |