O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#569/585**

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order on Motions for Attorneys' Fees

    Before the Court are Defendants' and Plaintiffs' motions for attorneys' fees. After considering the moving and opposing papers, as well as argument at the June 22, 2009 hearing, the Court GRANTS Defendants' motion and DENIES Plaintiffs' motion.

I.    Background

    Plaintiffs F.B.T. Productions, LLC ("FBT") and Em2M, LLC are entities that receive royalties payable for the use and exploitation of master recordings by Marshall B. Mathers III, better known as the rapper Eminem. Defendants are Aftermath Records ("Aftermath"), a joint venture, and its owners, Interscope Records, UMG Recordings, Inc., and Ary, Inc. On May 21, 2007, Plaintiffs filed a complaint for breach of contract and declaratory judgment arising from Defendants' alleged underpayment of royalties for digital uses of Eminem's recordings. On March 6, 2008, Plaintiffs filed a second lawsuit for breach of contract and declaratory judgment, also claiming that Defendants had failed to properly account and pay royalties due to Plaintiffs. *See F.B.T. Productions, LLC, et al. v. Aftermath Records, et al.*, No. CV 08-1563 PSG (CWx).

    The Court consolidated the two actions on May 19, 2008 and ordered Plaintiffs to file an amended complaint. Plaintiffs did so and later filed a second amended complaint ("SAC"), which asserted two counts for breach of contract and a third count for declaratory relief. On Counts I and III, Plaintiff sought past damages of almost $1.5 million and a significant increase in the royalty paid for permanent downloads and mastertones of Eminem's recordings. On Count II, Plaintiffs sought $159,332 based on Defendants' misallocation of costs between FBT and Eminem.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#569/585**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

Following a jury verdict, the Court entered final judgment on March 17, 2009. Judgment was in favor of Defendants on Counts I and III and in favor of Plaintiffs on Count II. Both Plaintiffs and Defendants now move for an award of attorneys' fees.

II.  Legal Standard

   A.  Award of Attorneys' Fees

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003). Under California law, parties to a contract may agree to provide for an award of attorneys' fees to the prevailing party in the event of a suit for breach. *See* Cal. Civ. Code § 1717. The "prevailing party" is the "party who recovered a greater relief in the action on the contract." *Id.*; *Zagami, Inc. v. James A. Crone, Inc.*, 160 Cal. App. 4th 1083, 1097, 74 Cal. Rptr. 3d 235 (2008). In order to determine who is the prevailing party, the trial court must "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Id.* (citing *Hsu v. Abbara*, 9 Cal. 4th 863, 876, 39 Cal. Rptr. 2d 824 (1995)).

   B.  Reasonableness of Fee Award

"[T]he trial court has broad authority to determine the amount of a reasonable fee." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095, 95 Cal Rptr. 2d 198 (2000). Typically, the court begins its inquiry by determining the "lodestar" amount, which is equal to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* A reasonable hourly rate is the prevailing rate in the community for comparable legal services. *Id.* The court may adjust the amount of the fee award based on a number of factors, including the nature of the litigation, its difficulty, the skill employed in its handling, the time consumed, and its success or failure. *Id.* at 1096 (citing *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623-24, 134 Cal. Rptr. 602 (1976)).

III.  Discussion

   A.  Prevailing Party

In spite of Plaintiffs' arguments to the contrary, the Court finds that Defendants are

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#569/585**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

clearly the prevailing party in this action. Although they lost on Count II, Defendants achieved their "main litigation objective," as reflected in the parties' "pleadings, trial briefs, opening statements, and other similar sources." *Hsu*, 9 Cal. 4th at 877. There can be no serious dispute that Counts I and III were the primary focus of both parties, based on the parties' briefs, motions in limine, opening and closing arguments at trial, and so on.

Plaintiffs contend that the case should be deemed "a wash," since each party prevailed on part of the suit. However, the California Court of Appeals recently held that it was an abuse of discretion for the trial court to determine that there was no prevailing party where each party won one of the claims, but one was much more important to the parties and greater in terms of monetary value. *Silver Creek, LLC v. Blackrock Realty Advisors, Inc.*, 173 Cal. App. 4th 1533, 1540, 93 Cal. Rptr. 3d 864 (2009). Like the plaintiff in *Silver Creek*, Defendants were successful on the greater claims in terms of monetary value; by Plaintiffs' own calculation, Plaintiffs recovered only 15 percent of the total damages they sought in Counts I and II.[1] When one considers the fact that Plaintiffs were seeking a significant increase in the royalties paid for digital downloads (to 50 percent of Defendants' net receipts) in their third count for declaratory relief, the economic significance of Defendants' victory on Counts I and III is even more apparent.[2] Furthermore, Plaintiffs cannot deny that Counts I and III were far more important to the parties than Count II, especially in light of Plaintiffs' post-trial comments to the media regarding their disappointment at the verdict. The Court finds that Defendants are the prevailing party and are entitled to an award of reasonable attorneys' fees. As such, Plaintiffs' motion for attorneys' fees must be DENIED.

---

[1] This figure includes the amount of prejudgment interest awarded to Plaintiffs on Count II.

[2] Indeed, Plaintiffs's counsel stated at the pretrial conference:

> Your Honor, it's about the future. Eminem is a big star. He's going to sell a lot of albums. . . . Your Honor has to understand permanent downloads have only been in existence really for a few years. This is about the future. The moneys that are at issue here, the breaches to these people, to the plaintiffs, this is their pension. This is the future.

January 26, 2009 Transcript (Docket No. 387) at 8:1-7.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#569/585**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

    B.    <u>Reasonableness of Fees Requested</u>

    The principal attorneys for Defendants have submitted evidence establishing that their billing rates compare favorably to the rates charged by attorneys of comparable skill and experience in the Los Angeles market. *See Pomerantz Decl.* ¶¶ 11-14, Ex. B. Their firm, Munger Tolles & Olson LLP, was recently ranked as number one in the nation by *American Lawyer*. *Pomerantz Decl.* ¶ 9. Furthermore, the rates of $315 (for a junior associate) to $617.50 (for a partner with extensive experience) charged in this litigation represent a discount from the attorneys' usual rates. Based on the foregoing, as well as its own familiarity with the prevailing rates charged by comparable firms in the community, the Court finds the hourly rates billed by Defendants' attorneys to be reasonable.

    Next, the Court must determine whether the hours expended by Defendants' counsel are reasonable. Plaintiffs argue that the Court should reduce the requested fee or decline to grant an award altogether because Defendants' attorneys overstaffed the case, engaged in "top-heavy" billing (i.e., employed partners and more senior associates to perform tasks that junior associates could have accomplished), duplicated work, and submitted insufficient documentation to support their fee request. Defendants, on the other hand, maintain that Plaintiffs' aggressive litigation tactics forced them to incur over $2.42 million in legal fees, despite their best efforts to protect their clients' interests efficiently.

    The Court agrees that Plaintiffs' tenacious litigation posture is one factor justifying the hours expended on this action. *See Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114, 90 Cal Rptr. 3d 775 (2009) ("A [party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [its adversary] in response.") (citations omitted); *Stokus v. Marsh*, 217 Cal. App. 3d 647, 653-54, 266 Cal. Rptr. 90 (1990). Indeed, Plaintiffs do not dispute that this was "hard-fought" commercial litigation. Furthermore, although Mr. Busch is not to be faulted for advancing his clients' interests zealously, he allowed his apparent emotional and/or personal investment in this suit to adversely impact his professional conduct. *See, e.g.*, Feb. 26, 2009 A.M. Transcript (Docket No. 491) at 60:5-9, 22-23 (apologizing to the Court for "get[ting] caught up in the moment" and explaining "this is an emotional case for me").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#569/585

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

In support of their request for $2,427,059.80 in fees (including post-trial motions),[3] Defendants have submitted a summary chart showing each timekeeper's rate, hours, and the total amount sought. The chart divides tasks into categories such as "dispositive motions," "document review/production," and "settlement," based on a billing system developed by the American Bar Association's Litigation Section. Plaintiffs complain that Defendants' evidence is insufficient because Defendants did not submit a more detailed breakdown of their billing records. Plaintiffs do not challenge the *accuracy* of Defendants' records, only the *adequacy* thereof for purposes of the instant motion. However, there is no legal requirement in California that detailed billing statements be offered in support of a motion for attorneys' fees. *Steiny & Co., Inc. v. Cal. Elec. Supply Co.*, 79 Cal. App. 4th 285, 293, 93 Cal. Rptr. 2d 920 (2000). Indeed, "[a]n attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." *Id.*; *Mardirossian & Assocs., Inc. v. Ersoff*, 153 Cal. App. 4th 257, 269, 62 Cal. Rptr. 3d 665 (2007).

Although Plaintiffs contend that Defendants have "clearly" requested excessive fees, they offer little substantive argument to support this contention. Similarly, Plaintiffs' assertion that Defendants overstaffed this case is unconvincing. Until trial preparation began in earnest, the number of lawyers on Defendants' team was generally limited to two or three (usually one partner and one or two associates). Plaintiffs also typically staffed this case with one partner and one associate, bringing in additional attorneys (including another partner) for various tasks on an as-needed basis.

Based on the evidence submitted by Defendants, including the affidavits of counsel, as well as the Court's own familiarity with this case and the parties' litigation postures, the Court finds that the fees requested by Defendants are reasonable. *See Dudman v. California*, 145 Cal. App. 3d 617, 619, 193 Cal. Rptr. 500 (1983) ("The knowledge and experience of the trial judge afford a sufficient basis for fixing the amount of a lawyer's fee . . . ."). Accordingly, the Court awards Defendants attorneys' fees in the amount of $2,427,059.80.

IV.   Conclusion

---

[3] This sum includes the cost of preparing Defendants' fee motion. "[W]hen attorney fees are recoverable by statute, the reasonable attorney fees incurred in preparing the motion are also recoverable." *Doppes v. Bentley Motors, Inc.*, – Cal. Rptr. 3d – , 2009 WL 1578384, at *25 (June 8, 2009).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#569/585**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3314 PSG (MANx) | Date | June 25, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

    For the foregoing reasons, Plaintiffs' motion for attorneys' fees is DENIED, and Defendants' motion is GRANTED.

**IT IS SO ORDERED.**