O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3314 PSG (MANx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present          Not Present

**Proceedings:** **(In Chambers) Order Denying Ex Parte Application for an Order Permitting Registration of Judgment in Michigan**

      Plaintiffs filed this action for breach of contract and declaratory relief on May 21, 2007. On July 8, 2009, following a jury trial, this Court entered an amended final judgment awarding Defendants $2,493,973.42 in costs and attorneys' fees and a total of $245,216.07 to Plaintiffs. Plaintiffs have appealed the judgment. On July 27, 2009, Defendants filed this *ex parte* application for an order permitting registration of the final amended judgment in the Eastern and Western Districts of Michigan.

      Pending appeal, a judgment is only enforceable in the district in which it was rendered unless the judgment is registered in another district. 28 U.S.C. § 1963; *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). A judgment may be registered by filing a certified copy of the judgment in another district "when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "Good cause" to register a judgment pending appeal may be established by showing "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures*, 259 F.3d at 1197-98. Most courts require the judgment holder to identify specific assets of the judgment debtor that are located in the district where he wishes to register the judgment. *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, No. C-04-1830, 2009 WL 605840, at *2 (N.D. Cal. March 9, 2009). However, the burden of production is "minimal." *Kowalski v. Mommy Gina Tuna Res.*, No. 05-0679, 2009 WL 1322367, at *1 (D. Haw. May 8, 2009).

      In the instant case, the parties agree that Plaintiffs have no assets in California; however,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 07-3314 PSG (MANx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | F.B.T. Productions, LLC, et al. v. Aftermath Records, et al. | | |

they dispute whether Plaintiffs have substantial assets in Michigan.  Defendants state that they have located bank accounts in Plaintiffs' names in Michigan, as well as one parcel of commercial real property belonging to one of the Plaintiffs.  Plaintiffs, on the other hand, have submitted affidavits establishing that they have less than $6,000 combined in their bank accounts and that the property Defendants refer to was sold to a separate entity in November 2007.  Further, the affidavit indicates that Plaintiffs have no other assets in Michigan.

     The Court finds that Plaintiffs have effectively rebutted Defendants' initial showing under the second prong of the "good cause" analysis.  Six thousand dollars can hardly be said to be substantial assets, particularly in light of the judgment of more than two million against Plaintiffs.  Accordingly, "good cause" to register the judgment in Michigan has not been established.  The application is DENIED.

     **IT IS SO ORDERED.**