1  KELLY M. KLAUS (State Bar No. 161091)
   Kelly.Klaus@mto.com
2  MELINDA E. LEMOINE (State Bar No. 235670)
   Melinda.Lemoine@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone: (213) 683-9100
   Facsimile: (213) 687-3702
6
7  Attorneys for Defendants

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10  WESTERN DIVISION

11

12  F.B.T. PRODUCTIONS, LLC, and Em2M, LLC,

   CASE NO. CV 07-03314 PSG (MANx)

13
          Plaintiffs,

14                                           **DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION UNDER F.R.C.P. 59(e); CIVIL L.R. 7-18**

15  vs.

16  AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC.,

   Judge: Hon. Phillip S. Gutierrez
   Date: January 23, 2012
   Time: 1:30 p.m.
   Crtrm: Roybal 880

17

18
          Defendants.

19

20

21

22

23

24

25

26

27

28

Defendants respectfully request that the Court reconsider the part of its summary judgment Order that effectively *grants* Plaintiffs summary judgment on the (in)applicability of what are colloquially called the "New Medium" and "Container Charge" deductions to Masters Licensed royalties on permanent download and mastertone sales. *See* Dkt. No. 737 ("Order") at 17 ("Defendants may not argue that the New Medium and Container Charge deductions apply, when the parties' performance shows these deductions do not apply to the Masters Licensed provision."). This portion of the Order was manifestly erroneous and prejudicial, because only *Defendants* moved for summary judgment on this point. Because Plaintiffs did not move for summary judgment on this issue, Defendants did not have fair notice and an opportunity to respond to such a motion. Whether these deductions apply should be decided at trial, where Defendants will have the opportunity to present all relevant evidence on this issue. By definition, Defendants could not have raised the arguments set forth herein during summary judgment briefing: Defendants could not know the Court would entertain a motion Plaintiffs did not make. Reconsideration is therefore proper under Civ. L.R. 7-18(a).

Plaintiffs moved for summary judgment on only two grounds: that the Ninth Circuit's mandate established a "50% royalty," and that the damages record was closed and required judgment for Plaintiffs at their expert's maximum amount. Plaintiffs did *not* ask the Court to interpret the recording agreements or the applicability of the deductions. *See* Dkt. No. 673. The Court properly denied Plaintiffs' motion in its entirety. Order at 1. Defendants moved for summary judgment on multiple grounds, including that the "New Medium" and "Container Charge" deductions apply to the royalty calculations in issue. The Court *denied* Defendants' motion with respect to those two deductions. But the language of the Court's opinion—that "Defendants may not argue that the New Medium and Container Charge deductions apply"—effectively *grants* Plaintiffs summary judgment on this issue. This was error.

Under Rule 56(f), the Court may not grant summary judgment for a *non-moving* party without the *moving* party having notice that summary judgment might be granted against it and an opportunity to show that disputed issues of material fact preclude such a grant. Fed. R. Civ. Proc. 56(f). As the Ninth Circuit has put it, the Court must be sure that "the moving party against whom summary judgment was rendered had a full and fair opportunity to ventilate the issues involved in the motion." *Cool Fuel. Inc. v. Connett*, 685 F.2d 309, 311-12 (9th Cir. 1982). This rule applies in contract interpretation cases, and it applies even if the record appears to be "complete" on the moving party's motion. *See Kassbaum v. Steppenwolf Prods. Inc.*, 236 F.3d 487, 495 (9th Cir. 2000). The moving party—against whom summary judgment may be granted—must have an opportunity to respond. *Id*.

In this case, Defendants had no "full and fair" opportunity to show that disputed factual issues preclude summary judgment on the ground that the pre-dispute course of performance demonstrates the two deductions to be inapplicable. Plaintiffs did not move for summary judgment on this ground. And the Court did not notify Defendants that it was considering granting summary judgment to Plaintiffs on this ground, much less give Defendants an opportunity to present all evidence that would negate such a grant. Had Defendants been given notice and an opportunity to respond, Defendants would have presented evidence showing, *inter alia*:

- Industry custom and practice that the "New Medium" deduction applies when new technological costs not foreseen at the time of contracting alter the economics of distribution.

- Custom and practice for other types of exploitation are irrelevant because this case presents the only situation where Defendants have been required to calculate royalties for exploitation of its core product (i.e., sales of its records) based upon a "Masters Licensed" provision.

1       •     The so-called "Container Charge" deduction—which does not even
2 include the word "container," and which applies to all "digital records" (in
3 whatever "form now known or hereafter devised")—applies regardless whether
4 there is a physical container around the record.

5       •     Permanent downloads and mastertones do *not* utilize the same
6 technology as conditional downloads and streams, and thus Defendants' practices
7 regarding the latter cannot *a fortiori* be deemed applicable to the former.

8     The "full and fair opportunity" that the Federal Rules and the Ninth Circuit
9 guarantee to a party to present such evidence before summary judgment may be
10 rendered against it is particularly important here, because the Court resolved the
11 issue *based* on extrinsic evidence.  After deeming the language of both deductions
12 ambiguous, the Court held that the extrinsic evidence supported only Plaintiff's
13 interpretation. Order at 17.  But Plaintiffs only moved for summary judgment on
14 what evidence the Court could consider *at all* —not what interpretations of the
15 recording agreements the Court should adopt.  Responding to such a Motion
16 certainly did not provide the "full and fair" opportunity to Defendants that the
17 Federal Rules and the Ninth Circuit require.

18     Plaintiffs' Motion did not ask the Court to rule on Plaintiffs' interpretation of
19 the applicability of these deductions in the recording agreements.  *See* Dkt. No. 673
20 (Pl's Mot. for Summ. Jmt.),  Pl's Mem. of P's & A's at 1-2.  Plaintiff's Motion did
21 not refer to the "Container Charge" at all.  Although Plaintiffs asserted that the
22 "New Medium" deduction was inapplicable, Plaintiffs argued that this was because
23 recognizing that deduction would contravene the Ninth Circuit's mandate and
24 expand the trial record—not because the language of the agreements (construed in
25 light of the extrinsic evidence) could only be read to make that deduction
26 inapplicable to permanent downloads and mastertones.  *See* Pl's Mem. of P's and
27 A's at 9-11*; see also* Dkt. No. 674-1 (Pls' Proposed Jmt.) at ¶ 2 (proposing that
28 Court enter Order and Judgment stating that, because of the Ninth Circuit's

- 3 -     DEFENDANTS' MOT. FOR PARTIAL
RECONSIDERATION

mandate, "any 'new medium' deduction … [would be] inappropriate.").

Nor did Plaintiff's Opposition to Defendants' Motion put Defendants on notice they had to present any and all evidence showing factual disputes precluding judgment on Plaintiffs' proffered interpretation.  Defendants had no incentive to do that in support of *their* motion.  Identifying factual disputes is—to say the least—an unconventional way for a moving party to argue that summary judgment is proper.  That is why Ninth Circuit law is clear the moving party must have notice and an opportunity to respond before summary judgment may be granted against it.

Reconsideration also must be granted so there is no question regarding Defendants' right to seek appellate review regarding the applicability of these deductions.  As explained, the Court effectively grants Plaintiffs summary judgment in the context of an order *denying* Defendants' summary judgment motion.  The result before the Ninth Circuit in this case notwithstanding, the Supreme Court has made clear that a party may not appeal an order denying its summary judgment motion after a trial on the merits.  *See Ortiz v. Jordan*, ___ U.S.____, 131 S. Ct. 884, 889 (2011).  Were the Order to stand on this issue, Plaintiffs no doubt would reverse course and claim Defendants are unable to appeal the Court's summary judgment denial.

Defendants respectfully submit the Court should grant reconsideration, and enter an Order holding that the applicability (or not) of the "New Medium" and "Container Charge" deductions remains for trial.

DATED:  November 29, 2011                    MUNGER, TOLLES & OLSON LLP


                                              By:   */s/ Melinda E. LeMoine*
                                                    Melinda E. LeMoine
                                                    Attorneys for Defendants