# EXHIBIT 6

Hansen, John L. 2/10/2012 10:07:00 AM

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                    WESTERN DIVISION
 4
 5   F.B.T. PRODUCTIONS, LLC, and )
     Em2M, LLC,                    )
 6                                 )
              Plaintiffs,          )
 7                                 )
              v.         ) Case No. CV 07-03314
 8                       )         PSG (MANx)
                         )
 9   AFTERMATH RECORDS doing       )
     business as AFTERMATH         )
10   ENTERTAINMENT; INTERSCOPE     )
     RECORDS; UMG RECORDINGS,      )
11   INC., and ARY, INC.,          )
                                   )
12            Defendants.          )
                                   )
13
14
15
16
17          Videotaped Deposition of JOHN L.
18   HANSEN, taken on behalf of Plaintiffs, at
19   355 South Grand Avenue, 35th Floor, Los
20   Angeles, California, 90071-1560,
21   commencing at 10:07 A.M., Friday, February
22   10, 2012, before Kyoko Jacobson, Certified
23   Shorthand Reporter, Certificate No. 6920.
24
25
```

Hansen, John L. 2/10/2012 10:07:00 AM

```
 1    PERSONS PRESENT:
 2
 3    For Plaintiffs:
 4          RICHARD S. BUSCH, ESQ.
            KING & BALLOW
 5          315 Union Street
            Suite 1100
 6          Nashville, Tennessee 37201
            (615) 259-3456
 7          rbusch@kingballow.com
 8          (Via telephone)
            DANIEL B. ASIMOW, ESQ.
 9          ARNOLD & PORTER, LLP
            Three Embarcadero Center
10          7th Floor
            San Francisco, California 94111-4024
11          (415) 434-1600
            daniel.asimow@aporter.com
12
13
      For Defendants:
14
            MELINDA EADES LEMOINE, ESQ.
15          MUNGER, TOLLES & OLSON, LLP
            355 South Grand Avenue
16          35th Floor
            Los Angeles, California 90071-1560
17          (213) 683-9100
            melinda.lemoine@mto.com
18
19
      Also Present: ALEX LOVERDE (Videographer)
20
            GARY COHEN
21
            SCOTT H. BAUMAN, ESQ.
22
23
24
25
```

ın L. 2/10/2012 10:07:00 AM

| | |
|---|---|
| 18 | MR. BUSCH: Just for the record, we have |
| 19 | asked for the complete intercompany license |
| 20 | agreement. I believe we were told that you objected |
| 21 | to producing that in a phone call with Mr. Asimow |
| 22 | yesterday. |
| 23 | And we reiterate our request that we |
| 24 | receive those, and we object to Mr. Hansen's report |
| 25 | with respect to that and other things based upon the |

Hansen, John L. 2/10/2012 10:07:00 AM

1  nonproduction of the entire intercompany license

2  agreement.

3      MS. LEMOINE: All right. I think that

4  mischaracterizes the context of the phone call

5  yesterday which I was trying to assist you and Mr.

6  Asimow, your colleagues with regard to the

7  documents.

8      But let me just say we have an agreement, I

9  think, that was reached at Mr. Cohen's deposition

10  that we produce what the expert reviewed or relied

11  upon. That's happened. That's been done.

12      So if you have an objection, it's noted,

13  but the agreement that we have has been complied

14  with.

15      MR. BUSCH: We disagree and --

16      MR. ASIMOW: This is Dan Asimow. Just to

17  be clear, we did have a call with Ms. LeMoine

18  yesterday. She did provide helpful information on

19  some documents. In the course of that call, we did

20  request the intercompany license agreements, and Ms.

21  LeMoine's position was that those would not be

22  produced.

23      MS. LEMOINE: Right. And I'm explaining

24  that position now, according to our agreement, on

25  what we are going to produce related to expert

Hansen, John L. 2/10/2012 10:07:00 AM

1 discovery -- or producing what the expert reviewed

2 or relied upon, and you have that.

3     MR. BUSCH: Except that it's not fair to

4 give us part of a document and not the entire

5 document so that we can see the context.

6     So if he reviewed the intercompany license

7 agreement, he was provided with -- he was provided

8 with a part of it, and it's patently not fair to

9 give us just the pages that you choose to give us

10 and not the entirety of the document. We are not

11 asking for a different document. We are asking for

12 the complete document.

13     MS. LEMOINE: You misstated the

14 circumstances which is you misstated his testimony.

15 We don't have to fight about this now.

16     MR. BUSCH: Listen. Fine. I don't want to

17 -- I'm just putting on the record that we object to

18 not receiving the entirety of it. I've heard your

19 position. You've heard our position. Let's move on.

20 But we are reserving our rights to object to his

21 report on that and other grounds.

Hansen, John L.  2/10/2012  10:07:00 AM

1     I have read the foregoing deposition

2     transcript and by signing hereafter, approve same.

3

4     Dated _____ .

5

6

7                    _____
                          (Signature of Deponent)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Hansen, John L. 2/10/2012 10:07:00 AM

1        DEPOSITION OFFICER'S CERTIFICATE

2    STATE OF CALIFORNIA    )

              ) ss.

3    COUNTY OF LOS ANGELES  )

4

5

6         I, Kyoko Jacobson, hereby certify:

7         I am a duly qualified Certified Shorthand

8    Reporter in the State of California, holder of

9    Certificate Number CSR 6920 issued by the Court

10   Reporters Board of California and which is in full force

11   and effect. (Fed. R. Civ. P. 28(a)).

12        I am authorized to administer oaths or

13   affirmations pursuant to California Code of Civil

14   Procedure, Section 2093(b) and prior to being examined,

15   the witness was first duly sworn by me. (Fed. R. Civ.

16   P. 28(a), 30(f)(1)).

17        I am not a relative or employee or attorney or

18   counsel of any of the parties, nor am I a relative or

19   employee of such attorney or counsel, nor am I

20   financially interested in this action. (Fed. R. Civ. P.

21   28).

22        I am the deposition officer that

23   stenographically recorded the testimony in the foregoing

24   deposition and the foregoing transcript is a true record

25              / / /

Hansen, John L. 2/10/2012 10:07:00 AM

1    of the testimony given by the witness.  (Fed. R. Civ. P.

2    30(f)(1)).

3         Before completion of the deposition, review of

4    the transcript [ X ] was [ ] was not requested.  If

5    requested, any changes made by the deponent (and

6    provided to the reporter) during the period allowed, are

7    appended hereto.  (Fed. R. Civ. P. 30(e)).

8    Dated: February 15, 2012

9    _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25