1   LATHAM & WATKINS LLP
        Daniel Scott Schecter (SBN 171472)
2       *daniel.schecter@lw.com*
        Joshua O. Mausner (SBN 260251)
3       *joshua.mausner@lw.com*
    355 South Grand Avenue
4   Los Angeles, CA  90071-1560
    Telephone:  (213) 485-1234
5   Facsimile:  (213) 891-8763

6   Attorneys for Interested Party Apple Inc.

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 F.B.T. PRODUCTIONS, LLC AND<br>11 EM2M, LLC,<br>12                    Plaintiffs,<br>13              v.<br>14 AFTERMATH RECORDS;<br>INTERSCOPE RECORDS; UMG<br>15 RECORDINGS, INC.; AND ARY,<br>INC.,<br>16<br>17                    Defendants. | Case No. CV 07-03314 PSG (MANx)<br><br>**DISCOVERY MATTER**<br><br>**INTERESTED PARTY APPLE INC.'S OBJECTION AND OPPOSITION TO JOINT MOTION TO MODIFY PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Request for Judicial Notice filed concurrently herewith*]<br><br><u>Hearing</u>:  [To Be Set By Court]<br><br><u>Judge</u>:    Hon. Margaret A. Nagle |

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND ................................................................................... 2

      A.    The *FBT and Eight Mile* Actions ............................................. 2

            1.    F.B.T. Productions v. Aftermath Records, et al. ........... 2

            2.    The Eight Mile Action ...................................................... 2

            3.    The Protective Order and Apple-Related
                  Discovery ......................................................................... 3

            4.    Apple's Ex Parte Application to Intervene and Seal
                  Documents ........................................................................ 4

      B.    The Northern District of California Case – *James v.
            UMG Recordings, Inc.* .............................................................. 5

      C.    The Current Motion to Modify the Protective Order ................. 5

III.  THE MOVING PARTIES HAVE NOT MET THEIR BURDEN OF
      JUSTIFYING THE RELEASE OF THE APPLE-RELATED DISCOVERY 7

      A.    UMG and James Have Failed to Make the Required
            Showing of Relevance ............................................................... 8

            1.    UMG and James Have Failed to Comply with
                  Judge Illston's Order Requiring a Showing of
                  Relevance .......................................................................... 9

            2.    UMG and James Have Failed to Identify Any
                  Relevant Documents, Again Failing to Comply
                  with Judge Illston's Order ................................................ 9

            3.    Even if the Parties Had Attempted to Make a
                  Showing of Relevance, the Apple-Related
                  Discovery is Not Relevant to the James Action ............ 10

      B.    The Proposed Modifications to the Protective Order
            Would Prejudice Nonparty Apple ............................................ 11

            1.    Apple Reasonably Relied on the Protective Order
                  and the Order Sealing Confidential Information ........... 13

            2.    Release of the Apple-Related Discovery Would
                  Competitively Harm Apple ............................................ 14

IV.   AT A MINIMUM, HEIGHTENED RESTRICTIONS SHOULD BE
      IMPOSED ON DISCLOSURE AND USE OF APPLE-RELATED
      DISCOVERY ...................................................................................... 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

V.   CONCLUSION ............................................................................................... 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4

*Dart Industries Co., Inc. v. Westwood Chemical Co.,*
  *Inc.*, 649 F.2d 646 (9th Cir. 1980)..................................................7, 12

5

*Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.,*
  Case No. 2:07-cv-13164 (E.D. Mich.) ......................................passim

6

7

*Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For*
  *Us, Inc.,*
  62 F.3d 1217 (9th Cir. 1995) ............................................................ 12

8

9

*F.B.T. Productions, LLC v. Aftermath Records,*
  621 F.3d 958 (2010) ......................................................................2, 11

10

*Foltz v. State Farm Mut. Automobile Ins. Co.,*
  331 F.3d 1122 (9th Cir. 2003) .......................................................8, 13

11

12

*Gil v. Ford Motor Company,*
  2007 WL 2580792 (N.D. W. Va. Sept. 4, 2007)............................... 15

13

*In re Remington Arms Co.,*
  *Inc.*, 952 F.2d 1029 (8th Cir. 1991) ................................................... 8

14

15

*In re Static Random Access Memory (SRAM) Antitrust Litigation,*
  2011 WL 5193479 (N.D. Cal. Nov. 1, 2011).....................7, 8, 12, 13

16

*Kamakana v. City and County of Honolulu,*
  447 F.3d 1172 (9th Cir. 2006)............................................................ 7

17

*Katz v. Batavia Marine & Sporting Supplies, Inc.,*
  984 F.2d 422 (Fed. Cir. 1993)............................................................ 7

18

19

*Perry v. Brown,*
  667 F.3d 1078 (9th Cir. 2012)..................................................... 13, 14

20

*Wilk v. AMA,*
  635 F.2d 1295 (7th Cir. 1981)........................................................... 12

21

22

### RULES

23

Fed. R. Civ. P. 26(c) ................................................................................ 1

24

Fed. R. Civ. P. 26(c)(1)(F).......................................................................7

25

Fed. R. Civ. P. 26(c)(1)(G)......................................................................7

26

Fed. R. Civ. P. 42(a) ................................................................................3

27

### OTHER AUTHORITIES

28

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

Before Trial, § 11:1075 (The Rutter Group 2011) ........................................ 7, 12

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.
    Before Trial, § 11:1176 (The Rutter Group 2011) ................................................ 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Joint request of Defendant UMG Recordings, Inc. ("UMG") and nonparty Rick James ("James"), seeking the disclosure of documents and testimony provided in this litigation by interested party Apple Inc. (the "Apple-Related Discovery"), should be denied.  This Court already has recognized in prior rulings that the Apple-Related Discovery is proprietary and confidential, meriting protection from disclosure beyond this litigation.  Indeed, the Court previously ordered that that the Apple-Related Discovery be filed under seal, and even took the extraordinary step of closing the courtroom during the first trial of this action, when depositions of Apple personnel were played for the jury.  (*See* Order Granting Non-Party Apple Inc.'s Unopposed Application (1) to Intervene for a Limited Purpose; and (2) for an Order Sealing Confidential Exhibits and Deposition Testimony  ("Order Sealing Apple Discovery"), Docket No. 475.)

In their Joint Motion to Modify Protective Order (the "Motion"), UMG and James broadly and indiscriminately seek the release of Apple-Related Discovery for use in class action litigation in the Northern District of California.  However, UMG and James fail to carry their burden of establishing good cause to modify and essentially undo this Court's protective order, on which Apple Inc. ("Apple") reasonably relied in providing the Apple-Related Discovery.  In particular, UMG and James fail to meet their burden of showing the relevance of the protected documents to the class action litigation, and fail to overcome Apple's legitimate confidentiality interests.

Accordingly, Apple respectfully requests that this Court continue to protect confidential Apple information, including proprietary information and trade secrets, pursuant to the protective order entered in this case and Federal Rule of Civil Procedure 26(c).  To the extent UMG and James request release of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1  confidential Apple-Related Discovery, their Motion should be denied.

## II.

## BACKGROUND

### A.      The *FBT and Eight Mile* Actions.

#### 1.      *F.B.T. Productions v. Aftermath Records, et al.*

On May 21, 2007, Plaintiffs F.B.T. Productions, LLC and Em2M, LLC commenced this action against Defendants Aftermath Records, Interscope Records, UMG Recording, Inc., and Ary, Inc., asserting claims for breach of contract and declaratory relief (the "*FBT* Action").  Apple is not, and never has been, a party to the *FBT* Action.

#### 2.      *The Eight Mile Action.*

On July 30, 2007, Eight Mile Style, LLC, a music publisher with an ownership interest in copyrights covering various Eminem musical compositions, brought claims for copyright infringement in the Eastern District of Michigan against Apple.[1]  (*Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.*, Case No. 2:07-cv-13164 (E.D. Mich.) (the "*Eight Mile* Action").)  The *Eight Mile* Action involved claims of infringement of composition copyrights to nearly 100 Eminem musical works on Apple's iTunes store.

Because the same counsel represented the parties in the *Eight Mile* and *FBT* Actions, and there was a significant amount of overlap in terms of the parties and witnesses, discovery in the two cases was coordinated and integrated into the *FBT* Action before this Court.[2]

---

[1]      On August 6, 2009, Eight Mile Style, LLC amended its complaint, adding Aftermath Records, a UMG affiliate, as a defendant.

[2]      In addition to the coordinated discovery with the separate *Eight Mile* Action in the Eastern District of Michigan, the *FBT* Action itself consisted of two consolidated cases.  (*See* Docket No. 93: Order Consolidating CV 08-1563 PSG (CWx) and CV 07-3314 PSG (MANx).)  *F.B.T. Productions, LLC, et al. v. Aftermath Records, et al.*, Case No. CV 08-1563 – the matter which was folded into the core *FBT Action* – involves an accounting dispute specific to Eminem and F.B.T. licensing agreements.  The Court found these two matters related and

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

2

LA\2624051.11

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

### 3.   *The Protective Order and Apple-Related Discovery.*

The parties in this action filed a stipulated protective order on March 11, 2008, and a corrected stipulation on March 19, 2008.  Magistrate Judge Margaret A. Nagle entered the protective order on March 31, 2008; a modified protective order (the "Protective Order") was entered on September 17, 2008.  (Docket No. 123.)

The Protective Order dictates that material "designated as Confidential pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") *shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.*"  (Protective Order ¶ 4) (emphasis added.)[3]

During discovery, Plaintiffs in the *FBT* Action subpoenaed documents and deposition testimony from Apple.  (*See* Declaration of Colin B. Vandell in Opposition to Plaintiffs' Motion to Compel Further Responses of Non-Party Apple Inc. to Subpoena, Docket No. 53, ¶ 16.)[4]  Over Apple's objection and following an unsuccessful motion for protective order filed by Apple, Apple's then-CEO Steve Jobs was deposed, as was Apple Senior Vice President Eddy Cue.  (*See* Declaration of  Matt Railo in Support of Non-Party Apple Inc.'s Unopposed *Ex Parte* Application: (1) to Intervene for a Limited Purpose; and (2) for an Order Sealing Confidential Exhibits and Deposition Testimony, Docket No. 477 ("Railo

---

consolidated the actions under Federal Rule of Civil Procedure 42(a).  (*See* Docket No. 93.)

[3]    Because of the consolidated nature of discovery, the Protective Order expressly allows discovery taken in this action to be used in the *Eight Mile* Action, so long as the protective order in that matter provides the same or greater level of protection.  (Protective Order at ¶ 4.)

[4]    The evidentiary record to support Apple's objection is set forth in prior submissions to this Court in the *FBT* Action.  Accordingly, Apple requests that the Court take judicial notice of these cited court filings (which are listed in the accompanying Request for Judicial Notice).

1    Decl.") ¶ 6.)

2          During the course of these depositions, Messrs. Jobs and Cue testified about

3    sensitive and confidential information regarding Apple's business relationship with

4    UMG, and with other major record labels.  (Railo Decl. ¶ 9.)  This testimony

5    included information that comprises Apple's highly confidential and proprietary

6    trade secrets.  (Railo Decl. ¶¶ 10-14.)  Indeed, the parties to the *FBT* and *Eight*

7    *Mile* Actions recognized Apple's legitimate interest in protecting this information

8    from disclosure.  During the depositions, various individuals – including UMG in-

9    house counsel and non-litigation counsel to one of the plaintiffs in the *Eight Mile*

10   Action – were dismissed from the room while confidential and proprietary

11   information was the subject of testimony.  (Declaration of Colin B. Vandell in

12   Support of Non-Party Apple Inc.'s Unopposed *Ex Parte* Application: (1) to

13   Intervene for a Limited Purpose; and (2) for an Order Sealing Confidential

14   Exhibits and Deposition Testimony, Docket No. 476, ¶ 7.)  Under the terms of the

15   Protective Order, the Jobs deposition testimony was marked "Confidential" and the

16   Cue deposition testimony was marked "Confidential" and "Attorney's Eyes Only".

17   (Railo Decl. ¶ 8.)  Additionally, relying on the express terms of the Protective

18   Order, Apple produced agreements between itself and various other parties, several

19   of which were marked as exhibits during the depositions.  Each of the confidential

20   exhibits produced were marked "Confidential" under the Protective Order, and all

21   but one also were marked "Attorney's Eyes Only".  (Railo Decl. ¶ 3.)  (The

22   confidential Apple testimony and documents are collectively referred to as the

23   "Apple-Related Discovery".)

24          **4.    Apple's Ex Parte Application to Intervene and Seal**
                **Documents.**
25

26          Throughout these proceedings, including the first trial of this action, Apple

27   has been vigilant in protecting its confidential and proprietary information, and the

28   Court has recognized Apple's interest in protecting the confidentiality of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

4

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1   Apple-Related Discovery.

2         On February 13, 2009, after Apple became aware of the parties' pre-trial

3   deposition designations and exhibit lists, Apple applied *ex parte* to intervene in the

4   action, for the limited purpose of sealing the highly confidential Apple-Related

5   Discovery. (Non-Party Apple Inc.'s Unopposed *Ex Parte* Application: (1) to

6   Intervene For a Limited Purpose; and (2) for an Order Sealing Confidential

7   Exhibits and Deposition Testimony ("Application to Seal"), Docket Nos. 442, 468,

8   474-77.)  Upon order of this Court, the Application to Seal was filed under seal

9   (Docket No. 468).  On February 19, 2009, the Court granted Apple's Application

10   to Seal and ordered that confidential exhibits and deposition testimony be sealed.

11   (Order Sealing Apple Discovery, Docket No. 475.)

12         In addition, the Court took the further step of closing the courtroom when

13   the depositions of Apple's witnesses (Jobs and Cue) were played for the jury, even

14   requiring UMG employees to leave the courtroom.  (Order Sealing Apple

15   Discovery, Docket No. 475.)  The daily transcripts for these trial sessions were

16   filed under seal.  (*See, e.g.* Docket No. 490.)

17        **B.**    **The Northern District of California Case – *James v. UMG***

18              ***Recordings, Inc.***

19         On April 1, 2011, Rick James, by and through The James Ambrose Johnson,

20   Jr., 1999 Trust, his successor in interest, filed a putative class action complaint

21   against UMG alleging breach of contract (the "*James* Action").  (Case No. 3:11-

22   CV-01613-SI (N.D. Cal.).)  Apple is not a party to the *James* Action, nor are the

23   Plaintiffs in the *FBT* Action, F.B.T. and Em2M, and counsel for James was never

24   counsel of record in either the *FBT* or *Eight Mile* Actions.

25        **C.**    **The Current Motion to Modify the Protective Order.**

26         On February 17, 2012, Defendant UMG and nonparty James filed this

27   Motion, broadly seeking production of "pleadings, trial exhibits, expert reports,

28   depositions, and other documents produced and created in this case" for use in the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

5

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1    *James* class action in the Northern District of California.  Prior to bringing this

2    Motion, the *James* Plaintiff raised these discovery issues with Judge Susan Illston,

3    the Northern District Court Judge presiding over the *James* Action.  Judge Illston

4    did not ***make*** a determination as to the relevance of requested documents to the

5    *James* Action, or as to good cause for modification to the protective order here.

6           Rather, Judge Illston specifically noted that in *James*, Plaintiff had failed to

7    address the relevance of the requested documents to the *James* Action:

8                    Plaintiffs do not address the distinction between the *Eight Mile*

9                    and *F.B.T.* documents, nor do they address how the documents

10                   related to the accounting issues specific to Eminem and F.B.T.

11                   are relevant to this case.

12   (Order of Judge Susan Illston, Northern District of California, Dated December 23,

13   2011 ("Illston Order") at 2.)  Judge Illston therefore directed the parties to meet

14   and confer, and to raise the issue with this Court, which has jurisdiction over the

15   Protective Order and the Apple-Related Discovery:

16                   The Court finds that to the extent that there are non-public

17                   documents in the *F.B.T.* case that are relevant to the claims and

18                   defenses in this case, those documents should be produced,

19                   subject to the same confidentiality designations and protections

20                   in place in the *F.B.T.* litigation.   However, this Court cannot

21                   order   that   those   documents   be   produced   without   the

22                   cooperation of the *F.B.T.* court.  Accordingly, the Court directs

23                   the parties to meet and confer and file a motion with the *F.B.T.*

24                   court  seeking  relief  from  the  protective  order  to  permit

25                   production of under seal *F.B.T.* documents in this case . . .

26   (Illston Order at 2.)

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
LA\2624051.11

6

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

## III.

## THE MOVING PARTIES HAVE NOT MET THEIR BURDEN OF JUSTIFYING THE RELEASE OF THE APPLE-RELATED DISCOVERY

The Federal Rules of Civil Procedure specifically provide for protective orders for "confidential research, development, or commercial information" as well as sealing of deposition testimony, upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1)(F)-(G).  The Ninth Circuit unambiguously has held that confidentiality should be preserved when release of information "might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

This is particularly true where, as here, the interests of nonparties are implicated.  Federal courts specifically protect nonparties from "disclosure of confidential information."  *See Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 11:1075 (The Rutter Group 2011) ("When discovery is sought from *third parties*, a protective order may be more easily obtained." (emphasis in original)).  "Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

The burden falls squarely on the moving parties to show good cause to modify this prior protective order to permit disclosure of the Apple-Related Discovery.  *In re Static Random Access Memory (SRAM) Antitrust Litigation*, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011) ("Therefore, the burden is on the [moving] plaintiffs to establish good cause to modify the protective orders . . . for purposes of the [other] actions."); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 11:1176 (The Rutter Group 2011) ("The

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

7

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1   party seeking to modify a protective order bears the burden of persuasion.").  This

2   is particularly the case here, given that the court already has issued orders

3   specifically protecting the Apple-Related Discovery from disclosure outside of the

4   parties to the *FBT* and *Eight Mile* Actions.  (*See* Order Sealing Apple Discovery,

5   Docket No. 475.)  UMG and James have failed to carry their burden.

6        **A.**     **UMG and James Have Failed to Make the Required
       Showing of Relevance.**

7

8        As a threshold matter, UMG and James have failed to make ***any*** showing of

9   relevance, which is required of parties attempting to modify a protective order to

10  permit the use of documents in another litigation.  "As an initial matter, the

11  collateral litigant must demonstrate the relevance of the protected discovery to the

12  collateral proceedings and its general discoverability therein."  *Foltz v. State Farm*

13  *Mut. Automobile Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *In re Static*

14  *Random Access Memory (SRAM) Antitrust Litigation*, 2011 WL 5193479, at *1

15  (N.D. Cal. Nov. 1, 2011) (denying nonparty's motion to modify protective order to

16  gain access to reports and declarations for use in other litigation).  The burden is on

17  the party seeking discovery to show that the information is relevant to a party's

18  claim or defenses or the subject matter of the lawsuit, and is necessary to prepare

19  the case for trial.  *See In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032-1033

20  (8th Cir. 1991).

21       Moreover, Judge Illston's Order effectively requires that UMG and James

22  make a showing of relevance.  As Judge Illston held, production of documents in

23  the *James* Action ***may*** be warranted "to the extent that there are non-public

24  documents in the *F.B.T.* case ***that are relevant to the claims and defenses in this***

25  ***case***."  (Illston Order at 3 (emphasis added).)  Judge Illston made no determination

26  as to relevance.  Rather, this Court has jurisdiction to determine whether protected

27  documents in this action are relevant in the *James* Action.  *See*, *e.g.*, *Foltz v. State*

28  *Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) ("The case law

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

8

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1   suggests that the court that entered the protective order should satisfy itself that the

2   protected discovery is sufficiently relevant to the collateral litigation").

3   Accordingly, Judge Illston directed the parties in the *James* Action "to meet and

4   confer and file a motion with the *F.B.T.* court seeking relief from the protective

5   order to permit production of under seal *F.B.T.* documents in this case." (Illston

6   Order at 3.)

### 1.   *UMG and James Have Failed to Comply with Judge Illston's Order Requiring a Showing of Relevance.*

9   Despite the clear case law and Judge Illston's directive, UMG and James fail

10  to establish in the Motion, let alone address, the relevance of the Apple-Related

11  Discovery to the *James* Action.  Indeed, the parties make virtually no showing as

12  to the factual or legal issues involved in the *James* Action, or how any of the

13  Apple-Related Discovery is relevant to those issues.  On this basis alone, the

14  request to disclose Apple-Related Discovery and modify the Protective Order

15  accordingly must be denied.

### 2.   *UMG and James Have Failed to Identify Any Relevant Documents, Again Failing to Comply with Judge Illston's Order.*

18  The Motion also is deficient because it does not identify documents or

19  deposition testimony that are relevant to the *James* Action, even by general

20  categories.  In their Motion, UMG and James make broad but indiscriminate

21  requests for "pleadings, trial exhibits, expert reports, depositions, and other

22  documents produced and created in this case." (Motion at 1.)  This broad

23  designation of documents, without any showing of relevance, is counter to Judge

24  Illston's specific orders:

25  The Court directs the parties to engage in a further meet and

26  confer about the "*F.B.T.* documents," and if there are further

27  disagreements about the relevance of particular categories of

28  documents (as opposed to the confidentiality issues, discussed

1     *infra*), the parties shall file a joint letter brief specifically

2     discussing the relevance of the documents at issue.

3     (Illston Order at 2.)  Again, UMG and James failed to comply with Judge Illston's

4     Order, by failing to identify categories of documents that may be relevant to the

5     *James* Action.  No letter brief addressing relevance is attached to the Motion

6     before this Court.  Apple, as a nonparty to the *James* Action in the Northern

7     District of California, is unaware of whether the parties conducted the required

8     meet and confer regarding relevance, or whether any brief addressing relevance

9     issues was submitted.  What is beyond dispute is that in the cursory Motion before

10    this Court, the relevance of the Apple-Related Discovery is never addressed.  On

11    this additional, independent ground, there is no basis for the Court to permit the

12    release of Apple-Related Discovery to the Plaintiff in the *James* Action.

13
14

               ***3.    Even if the Parties Had Attempted to Make a Showing of Relevance, the Apple-Related Discovery is Not Relevant to the James Action.***

15         Had UMG and James attempted to establish relevance of the Apple-Related

16    Discovery, they would have failed.

17         The Apple-Related Discovery actually encompasses discovery in three

18    distinct matters – the two cases consolidated by this Court into the *FBT* Action,

19    and the *Eight Mile* Action in the Eastern District of Michigan.  The *FBT* Action

20    deals with breach of contract and accounting issues; the *Eight Mile* Action

21    involved copyright infringement claims.  Because of overlap in the parties and

22    counsel, discovery in the *FBT* Action and the *Eight Mile* Action was consolidated,

23    despite the differences in the issues to be tried.  Therefore, many of the documents

24    produced in the coordinated discovery in this action are only relevant to the issues

25    in the *Eight Mile* Action in Michigan, rather than the *FBT* Action before this Court.

26         A substantial portion of the Apple-Related Discovery falls into this category.

27    Apple representatives (Messrs. Jobs and Cue) were deposed, and Apple produced

28    documents, as a party-defendant in the *Eight Mile* Action.  However, these

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

10

APPLE'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1   documents are not relevant to the issues in the *FBT* Action, to which Apple is not a

2   party.  As Judge Illston noted in her Order: "Plaintiffs do not address the

3   distinction between *Eight Mile* and *F.B.T.* documents, nor do they address how the

4   documents related to the accounting issues specific to Eminem and F.B.T. are

5   relevant to this case."  (Illston Order at 2.)  Judge Illston is absolutely correct.

6   However, UMG and James inexplicably ignore this point and do not address the

7   distinction between *Eight Mile* documents/testimony and *FBT*

8   documents/testimony, nor do they address the relevance of any of this discovery to

9   the *James* action.

10       There is no apparent relation between the *James* Action and the *Eight Mile*

11   Action, nor do UMG or James claim such a relationship.  Therefore, there is no

12   justification before this Court for releasing Apple-Related Discovery taken in

13   conjunction with the *Eight Mile* Action to the Plaintiff in the *James* Action.  UMG

14   and James have not met their burden and the Apple-Related Discovery should not

15   be released.[5]

16   **B.    The Proposed Modifications to the Protective Order Would Prejudice Nonparty Apple**

17

18       In addition to the lack of any demonstrated relevance to the *James* Action,

19   the Motion should be denied because of Apple's significant interest in maintaining

20   the confidentiality of the Apple-Related Discovery.  Because of the potential

21   prejudice to Apple from disclosure of Apple-Related Discovery, the Court should

22

23   [5]     Additionally, the Ninth Circuit's ruling in the *FBT* Action, which post-dates the depositions of Messrs. Jobs and Cue, forecloses any argument by UMG or

24   James that the deposition testimony is relevant to the *James* Action.  Much of the deposition testimony consists of attempts by counsel for F.B.T. to elicit Messrs.

25   Jobs' and Cue's interpretation of contractual terms in agreements between Apple and UMG.

26       The Ninth Circuit held that the terms of the UMG agreements are unambiguous.  *See F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958,

27   967 (2010).  Therefore any testimony or other extrinsic evidence regarding interpretation of the agreements or its terms is unnecessary.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1    exercise its discretion and decline to permit the disclosure of the Apple-Related

2    Discovery.  *See Empire Blue Cross and Blue Shield v. Janet Greeson's A Place*

3    *For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995); *see also Wilk v. AMA*, 635 F.2d

4    1295, 1299 (7th Cir. 1981) (if the district court finds prejudice to the party

5    opposing modification, it has "broad discretion" to decide whether to modify).  As

6    noted above, where the rights of nonparties are implicated, as here, federal courts

7    are more protective of confidentiality.  *See Dart Industries Co. Inc. v. Westwood*

8    *Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also* Schwarzer,

9    Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 11:1075

10   (The Rutter Group 2011) ("When discovery is sought from *third parties*, a

11   protective order may be more easily obtained." (emphasis in original)).

12       In circumstances similar to the present situation, the Northern District of

13   California denied a motion to amend a protective order by an intervening nonparty,

14   which asserted that similar legal issues warranted modification of the protective

15   order to allow release of sealed confidential documents and production in a

16   separate matter.  In *In re Static Random Access Memory (SRAM) Antitrust*

17   *Litigation*, 2011 WL 5193479, at *1 (N.D. Cal. Nov. 1, 2011), the court held that,

18   despite the similarity of the issues to be tried, modification of the protective order

19   was unwarranted where the moving parties "intended only to use the information

20   for purposes of litigating their actions."   (*Id*. at *4-5.)  This was true even where,

21   as here, the moving nonparties "agreed that their access should be contingent on

22   their securing comparable protective orders" in the other action.   (*Id*.)

23       Similarly, UMG and James are attempting to modify the Protective Order to

24   permit the Apple-Related Discovery to be used in other litigation.  This is directly

25   contrary to the express terms of the Protective Order, on which Apple relied, which

26   restrict use of protected documents to "the prosecution, defense, or settlement *of*

27   *this action, and for no other purpose.*"  (Protective Order ¶ 4.)  Just as in *In re*

28   *SRAM Antitrust Litigation*, "the reliance interests of Defendants and [a] third-party

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

12

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1   witness . . . are significant" and warrant denial of the Motion. *In re SRAM*

2   *Antitrust Litigation*, 2001 WL 5193479, at *6. Apple reasonably relied on both the

3   Protective Order and this Court's Order Sealing Apple Discovery (Docket No.

4   475), and its confidentiality interests must now be vindicated.

5       **1.    Apple Reasonably Relied on the Protective Order and the**
        **Order Sealing Confidential Information.**

6

7       As the Ninth Circuit observed, "before deciding to modify the protective

8   order, the court that issued it must consider other factors in addition to the

9   relevance of the protected discovery to the collateral litigation. In particular, it

10  must weigh the countervailing reliance interest of the party opposing modification

11  against the policy of avoiding duplicative discovery." *Foltz v. State Farm Mut.*

12  *Automobile Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003). When reliance is based

13  on a particular finding of good cause by the court, reliance is reasonable and

14  release of the protected documents is unwarranted. *Perry v. Brown*, 667 F.3d 1078

15  (9th Cir. 2012). In *Perry*, the Ninth Circuit reversed the district court's order

16  releasing video testimony, which had previously been ordered sealed by the district

17  court:

18          The nature of Chief Judge Walker's commitments and the

19          reasonableness of the Proponents' reliance on those

20          commitments distinguishes this case from *Foltz*, in which we

21          held that the district court had abused its discretion in denying a

22          motion to unseal judicial records. In that case, State Farm

23          asserted its reliance "on the confidentiality provisions of [a]

24          protective order" as a "compelling reason" to keep the records

25          sealed. State Farm could not reasonably have relied, we

26          explained, on a "blanket protective order" that it had procured

27          without making "a particularized showing of good cause" to

28          seal "any individual document" . . . The sealing order here, by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

1    contrast, was directed precisely toward a single judicial record.

2    There can be no question that Proponents reasonably relied on

3    Chief Judge Walker's explicit assurances as to this particular

4    record . . .

5    <u>Id</u>. at 1086-87.

6    As in *Perry*, Apple relied not only on the general Protective Order in this

7    matter, but also on the specific order of this Court sealing the Apple-Related

8    Discovery and clearing the courtroom when it was used during trial.  At all times,

9    Apple has been vigilant in protecting its confidential trade secrets, in reliance on

10   the Court's orders protecting these documents.  Apple designated the Apple-

11   Related Discovery as "Confidential" and "Attorney's Eyes Only."  Additionally,

12   Apple took the extraordinary step of applying to intervene in this case, specifically

13   to seal the deposition testimony and documents and to prevent their public

14   disclosure during trial.  (Docket Nos. 442, 468, 474-77).  The Court granted

15   Apple's Application to Seal and sealed the confidential documents.  (Docket No.

16   475.)  Apple's reliance on this Court's order was reasonable, and strongly weighs

17   against reversing course and allowing release of highly confidential information to

18   unrelated parties for use in unrelated litigation.

19       **2.    *Release of the Apple-Related Discovery Would Competitively***

20       ***Harm Apple.***

21   As set forth in Apple's previously granted Application to Seal (Docket Nos.

22   442, 468, 474-77), and as acknowledged by the Court in granting the Application,

23   the Apple-Related Discovery the FBT Plaintiffs sought to introduce at trial

24   contains highly confidential and proprietary information, including agreements

25   (and drafts thereof), intricacies of business relationships, plans, cost and pricing

26   models, and financial information.  (Railo Decl. ¶¶ 3-4.)  The sealed testimony is

27   similarly proprietary, including discussions of terms of distribution agreements,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

14

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1    negotiations over music download agreements, and profitability determinations.[6]

2    (Railo Decl. ¶¶ 8-14.)  Apple produced this information in reasonable reliance that

3    the Court's Protective Order would limit disclosure of the information and protect

4    confidentiality.  The Court has previously found cause to seal this information and

5    protect it from disclosure; UMG and James have shown no basis to disturb this

6    prior finding.

7         Further prejudice to Apple stems from the class action nature of the *James*

8    Action.  Apple agreed to produce the confidential Apple-Related Discovery

9    specifically to known parties and attorneys in the *FBT* and *Eight Mile* Actions, and

10   was able to keep a tight watch on who was receiving any confidential information.

11   In fact, during deposition and trial, even UMG employees were excluded from

12   remaining in the room during testimony of Apple witnesses.  Because the *James*

13   Action is a putative class action, there is significant uncertainty and risk associated

14   with release of Apple's confidential information in that proceeding.  The identity

15   of the potential plaintiffs, as well as the number of plaintiffs, is unknown.  The

16   number of parties and attorneys who could be privy to any released confidential

17   information is unclear.

18         What began as a production by Apple in reliance on the Protective Order to

19   a select few, now risks spiraling into disclosure to a yet unknown set of individuals

20   to be used in unrelated litigation.  Under these circumstances, disclosure of sealed,

21   confidential information is not appropriate.  *See*, *e.g.*, *Gil v. Ford Motor Company*,

22   2007 WL 2580792, at *6 (N.D. W. Va. Sept. 4, 2007) ("Again, *Wilk* involved a

23   collateral, known litigant.  The court was therefore in a position to decide whether

24

---

25   [6]     For the sake of brevity and confidentiality, Apple will not revisit descriptions of the confidential information in great detail, particularly because the

26   Court already has accepted Apple's prior showing by granting the Order Sealing Apple Discovery.  Nevertheless, a detailed description of the confidential

27   information contained in the sealed documents, as well as the harm Apple faces if released, can be found in Apple's previously granted *Ex Parte* Application to

28   Intervene and Seal Documents (Docket Nos. 442, 468, 474-77).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2624051.11

15

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

1  the materials were relevant to the collateral litigant's action.  The Court here does

2  not have that advantage in that the litigants for whom Currence seeks the benefit of

3  the discovery are not 'collateral litigants,' are no[t] in any way linked to this case,

4  and are, in fact, unknown.") (granting motion for non-sharing protective order).

5      Accordingly, the circumstances here do not warrant reversal of this Court's

6  prior Order Sealing Apple Discovery.  The Apple-Related Discovery should not be

7  disclosed.

## IV.

## AT A MINIMUM, HEIGHTENED RESTRICTIONS SHOULD BE IMPOSED ON DISCLOSURE AND USE OF APPLE-RELATED DISCOVERY

12      If the Court nevertheless is inclined to permit disclosure of the Apple-

13  Related Discovery, which it should not, Apple requests that heightened restrictions

14  be imposed on the disclosure and use of such information.  Specifically, Apple

15  requests that:

- All documents, testimony or other disclosed information be marked "Confidential – Attorney's Eyes Only" pursuant to the Protective Order;

- Disclosure should be restricted only to currently-known, and specifically identified class counsel of record in the *James* Action who personally execute Exhibit A to the Protective Order (with a modification limiting use of Apple-Related Discovery for purposes of prosecuting or defending the *James* Action), and not to other counsel who may join in the *James* Action in the future, including counsel for individual class members or other plaintiffs or counsel in related cases;

- Any additional counsel who wish to have access to the information must apply individually to this Court to amend the Protective Order,

1   with notice to Apple;

2   • Use of any disclosed documents, testimony or other information be

3   limited to only the prosecution, defense or settlement in the *James*

4   Action, and for no other purpose.

5   **V.**

6   **CONCLUSION**

7   For the reasons set forth above, Apple respectfully objects to and

8   opposes UMG and James' Motion to Modify Protective Order, and requests that

9   the Court deny the release of confidential Apple-Related Discovery.

10

11   Dated:  April 25, 2012          LATHAM & WATKINS LLP
                                     Daniel Scott Schecter
12                                   Joshua O. Mausner

13

14                                   By ___/s/ Daniel Scott Schecter_____
                                     Daniel Scott Schecter
15                                   Attorney for Interested Party Apple Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

APPLES'S OBJECTION AND OPPOSITION TO
MOTION TO MODIFY PROTECTIVE ORDER

LA\2624051.11

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA  90071-1560.

On **April 25, 2012**, I served the following document described as:

**INTERESTED PARTY APPLE INC.'S OBJECTION AND OPPOSITION TO JOINT MOTION TO MODIFY PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**INTERESTED PARTY APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OBJECTION AND OPPOSITION TO JOINT MOTION TO MODIFY PROTECTIVE ORDER**

**[PROPOSED] ORDER GRANTING INTERESTED PARTY APPLE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OBJECTION AND OPPOSITION TO JOINT MOTION TO MODIFY PROTECTIVE ORDER**

by serving a true copy of the above-described document in the following manner:

### BY ELECTRONIC FILING

I electronically filed the above-described document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

### BY HAND DELIVERY (PERSONAL SERVICE)

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.  Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business.  I caused a sealed envelope or package containing the above-described document(s) and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

Jeffrey D. Goldman
Ryan Scott Mauck
Jeffer Mangels Butler & Mitchell, LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Attorneys for UMG Recordings, Inc. in James, et al. v. UMG Recordings, Inc., N.D. Cal. Case No. 11-1613-SI

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 25, 2012**, at Los Angeles, California.

Cleveland Styles

# Mailing Information for a Case 2:07-cv-03314-PSG -MAN

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel B Asimow**
  daniel.asimow@aporter.com,jcarrillo@howardrice.com,jane.rustice@aporter.com

- **Mark L Block**
  mblock@wargofrench.com

- **Richard S Busch**
  rbusch@kingballow.com,mhodge@kingballow.com,lanthony@kingballow.com

- **Paul H Duvall**
  pduvall@kingballow.com,jromeo@kingballow.com,sdreception@kingballow.com,rbusch@kingballow.com,anieto@kingballow.com

- **Sara Jennifer Eisenberg**
  sara.eisenberg@aporter.com,john.carrillo@aporter.com,gigi.ferrer@aporter.com

- **Kimberly D Encinas**
  kimberly.encinas@jud.ca.gov

- **Jerome B Falk , Jr**
  jerome.falk@aporter.com

- **Eric B Fastiff**
  efastiff@lchb.com

- **Cecilia Han**
  chan@lchb.com

- **Roger Norton Heller**
  rheller@lchb.com,chan@lchb.com

- **Kelly M Klaus**
  kelly.klaus@mto.com,shari.lorand@mto.com

- **Melinda E LeMoine**
  melinda.lemoine@mto.com,jennifer.lawlor@mto.com

- **Glenn D Pomerantz**
  cherryl.tillotson@mto.com

- **Daniel Scott Schecter**
  daniel.schecter@lw.com

- **Michael W Sobol**
  msobol@lchb.com

- **Colin B Vandell**
  colinvandell@quinnemanuel.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)