KELLY M. KLAUS (State Bar No. 161091)
Kelly.Klaus@mto.com
MELINDA E. LEMOINE (State Bar No. 235670)
Melinda.Lemoine@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| F.B.T. PRODUCTIONS, LLC, and Em2M, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> AFTERMATH RECORDS doing business as AFTERMATH ENTERTAINMENT; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; and ARY, INC., <br><br> Defendants. | CASE NO.  CV 07-03314 PSG (MANx) <br><br> **DECLARATION OF MELINDA LEMOINE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> Judge:   Hon. Philip S. Gutierrez <br> Date:    June 18, 2012 <br> Time:    T.B.D. <br> Dept:    Roybal 880 |

## DECLARATION OF MELINDA E. LEMOINE

I, Melinda E. LeMoine, declare as follows:

1.      I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel of record to the Defendants in this action.  The contents of this declaration are within my personal knowledge.  If called as a witness in this action, I could and would testify competently to the contents of this declaration.

2.      Attached as Exhibit 1 is a true and correct copy of the Complaint filed in *F.B.T. Productions, LLC et al. v. Aftermath Records et al.*, C.D. Cal. 08-1563, on March 6, 2008.

3.      Attached as Exhibit 2 is a true and correct copy of an excerpt from the transcript before the Court to settle the jury instructions in this matter on March 2, 2009.

4.      Attached as Exhibit 3 is a true and correct copy of the Declaration of Ping Hu in support of Defendants' Motions in Limine Nos. 1, 2 and 5, submitted under seal on February 17, 2012.

5.      Attached as Exhibit 4 is a true and copy of the audit report prepared by Gary Cohen, dated February 10, 2006, which has been designated Confidential and was admitted in the 2009 trial as Trial Exhibit number 207.

6.      Attached as Exhibit 5 is a true and correct copy of an excerpt from the transcript of the deposition of Gary Cohen on December 17, 2008, which has been designated Confidential.

7.      Attached as Exhibit 6 is a true and correct copy of a document produced by Gary Cohen, bates numbered COHEN - 007 to 008, which has been designated Confidential.

8.      Attached as Exhibit 7 is a true and correct copy of an excerpt from the transcript of the deposition of Gary Cohen on February 3, 2012, which has been designated Confidential - Attorney's Eyes Only.

9.      Attached as Exhibit 8 is a true and correct copy of the audit report prepared by Gary Cohen, dated November 15, 2010, which has been designated Confidential and was marked as exhibit 972 at the deposition of Gary Cohen on February 3, 2012.

10.     Attached as Exhibit 9 is a true and correct copy of a February 28, 2012 email from Plaintiffs' counsel attaching Plaintiffs' proposed jury instructions.

11.     Attached as Exhibit 10 is a true and correct copy of the royalty schedule to the Intercompany License Agreement ("ICLA") for 2004, which has been designated Confidential - Attorney's Eyes Only.

12.     Attached as Exhibit 11 is a true and correct copy of the royalty schedule to the ICLA for 2005, which has been designated Confidential - Attorney's Eyes Only.

13.     Attached as Exhibit 12 is a true and correct copy of the royalty schedule to the ICLA for 2006, which has been designated Confidential - Attorney's Eyes Only.

14.     Attached as Exhibit 13 is a true and correct copy of the royalty schedule to the ICLA for 2007, which has been designated Confidential - Attorney's Eyes Only.

15.     Attached as Exhibit 14 is a true and correct copy of the royalty schedule to the ICLA for 2008, which has been designated Confidential - Attorney's Eyes Only.

16.     Attached as Exhibit 15 is a true and correct copy of the royalty schedule to the ICLA for 2009, which has been designated Confidential - Attorney's Eyes Only.

17.     Attached as Exhibit 16 is a true and correct copy of the royalty schedule to the ICLA for 2010, which has been designated Confidential - Attorney's Eyes Only.

DECLARATION OF MELINDA E. LEMOINE ISO
OPPOSITION TO MOTION TO
FILE SUPPLEMENTAL COMPLAINT

18.     Attached as Exhibit 17 is a true and correct copy of the royalty schedule to the ICLA for 2011, which has been designated Confidential - Attorney's Eyes Only.

19.     Attached as Exhibit 18 is a true and correct copy of the March 9, 1998 agreement between Aftermath Entertainment and F.B.T. Productions, which has been designated Confidential and was admitted in the 2009 trial as Trial Exhibit number 5.

20.     Attached as Exhibit 19 is a true and correct copy of the July 2, 2003 agreement between Aftermath Entertainment and Marshall B. Mathers III, p/k/a Eminem, which has been designated Confidential and was admitted in the 2009 trial as Trial Exhibit number 10.

21.     Attached as Exhibit 20 is a true and correct copy of the October 2, 2009 Binding Settlement Agreement entered into by the parties in *Eight Mile Style, LLC v. Apple Computer, Inc.*, E.D. Mich. 2:07-CV-13164, and has been designated Confidential.

22.     Attached as Exhibit 21 is a true and correct copy of an excerpt from the transcript from the hearing in this matter on April 10, 2012.

23.     Attached as Exhibit 22 is a true and correct copy of the Order re: Consolidation filed in this case on May 19, 2008, docket number 93.

24.     Attached as Exhibit 23 is a true and correct copy of a sample AIF statement, which has been designated Confidential and was marked as exhibit 970 at the deposition of Gary Cohen on February 3, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 10th day of May 2012 at Los Angeles, California.


                    */s/ Melinda E. LeMoine*
                    Melinda E. LeMoine

DECLARATION OF MELINDA E. LEMOINE ISO
OPPOSITION TO MOTION TO
FILE SUPPLEMENTAL COMPLAINT